**Charles Edward MOORE, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 44851.**

Court of Criminal Appeals of Texas.

April 19, 1972.

Rehearing Denied June 21, 1972.

Don Metcalfe, Dallas (Court Appointed on Appeal), for appellant.

Henry Wade, Dist. Atty., W. T. Westmoreland, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

DALLY, Commissioner.

The conviction is for robbery by assault; the punishment, sixty years imprisonment.

Four men, including the appellant, drove into a service station at approximately 10:00 p. m. on March 20, 1970. Lester Heiny was the only attendant on duty at the service station. The appellant and his companions purchased one dollar's worth of gasoline. They then asked Heiny to put two quarts of oil in their car. Heiny testified that he put two quarts of oil in the car and as he "raised back up one of them was standing on the other side of the car with a shotgun on me." They then told Heiny to put his hands in the air and go inside the station. He opened the cash register for them because he thought they were going to kill him if he didn't give them the money. They took approximately $89.00 from the cash register and then went back outside to leave. As they departed, the man with the .410 gauge shotgun fired through the glass window at Heiny. The pellets struck Heiny in the left shoulder.

At the trial Heiny could not positively identify the appellant as being one of the four men who committed the robbery. The appellant and three companions were arrested at about 3:00 a. m. the morning following the robbery. Appellant made a written statement confessing his guilt to the crime which was introduced into evidence.

■ The appellant's first two grounds of error are that "The indictment is fundamentally defective for failing to allege the defendant had the intent to deprive the owner of the value of the property taken and appropriate it to his own benefit" and "there is a fatal variance between the allegations of ownership of the property taken and the proof adduced at trial."

These grounds of error and the appellant's argument are based solely upon the fact that on the copy of the indictment appearing in the record, the names and other typed allegations do not exactly coincide with the appropriate blanks on the printed indictment form. The appellant, Robert Lee Bell, Lawrence Lee Crawford and Donald Bruce Smith were jointly indicted for the offense of robbery. The appellant and Lawrence Lee Crawford were tried jointly on pleas of not guilty before a jury. The indictment in the appellant's record appears to be a carbon copy of that in the record in Crawford's case. The record in the Crawford case [1] is before us. In that record, the joint indictment shows the names and other allegations typed upon the printed form and they properly coincide with the appropriate blanks or spaces. These grounds of error are therefore baseless and without merit. For a discussion of an almost identical set of facts, where a motion to quash the indictment had been urged and the failure to quash was held not error, see Bartley v. State, 457 S.W.2d 297 (Tex.Cr.App.1970). In this case, objection is first raised on appeal. These grounds of error are overruled.

■ The appellant's third and fourth grounds of error are "The court erred in admitting defendant's confession into evidence where there was no showing that defendant made any affirmative waiver of his right to remain silent and his other constitutional and statutory rights" and "The evidence was not sufficient to support the findings of the court on the voluntariness of the confession of the defendant."

At the time the appellant's confession was offered into evidence, he did not object on the grounds which he now urges. At the time of trial the appellant's objections to the introduction of the confession into evidence were that a portion of the statement had been deleted so that it was not the whole truth; that he had not been taken before a magistrate and warned and that the confession was involuntary because appellant may have been intoxicated at the time. The appellant, not having objected to the introduction of the confession on the grounds he now urges, waived such objections and no error is preserved. La-

1. Crawford v. State, 480 S.W.2d 724 (Tex.Cr.App.1972).

**730**

whon v. State, 429 S.W.2d 147 (Tex.Cr. App.1968) and Brooks v. State, 399 S.W.2d 357 (Tex.Cr.App.1966).

We observe, however, that the record does not reflect the error now claimed.

The record reflects that before objection was made and without request, the trial court, out of the presence of the jury, heard evidence concerning the voluntariness of the statement made by the appellant. It was shown that the appellant had been taken before a magistrate who had advised him concerning his constitutional rights in compliance with Article 15.17, Vernon's Ann.C.C.P. and Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) and that thereafter, the officer, before taking the statement, met the requirements of Article 38.22, V.A.C.C.P. and Miranda v. Arizona, *supra*. After the hearing on the voluntariness of the confession, held out of the presence of the jury in compliance with Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964), the trial court made findings reflected in the record that the appellant's statement was voluntary and admissible into evidence.

The appellant's fifth ground of error is that "There was a fatal variance between the allegation of the name of the victim in the indictment and the name of the victim who testified at trial."

The indictment alleges that the victim of the robbery was "Lester *Hiney*." The transcription of the court reporter's notes identifies the victim of the robbery as "Lester *Heiny*." We find the name alleged and the name proved to be idem sonans and there was not a fatal variance between the allegation and the proof. See and compare Webster v. State, 455 S.W.2d 264 (Tex.Cr.App.1920); Crye v. State, 391 S.W.2d 57 (Tex.Cr.App.1965); Sikes v. State, 166 Tex.Cr.R. 257, 312 S.W.2d 524 (Tex.Cr.App.1958) and 1 Branch's Ann.P.C.2d 31–32 § 39 and § 40.

The judgment is affirmed.

Opinion approved by the Court.