**Sheron Lenore CANNON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 55343.**

Court of Criminal Appeals of Texas, En Banc.

Nov. 15, 1978.

Rehearing Denied Dec. 13, 1978.

---

Jim Hooper, Texarkana, for appellant.

Charles G. Hall, Asst. Dist. Atty., Texarkana, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for aggravated robbery. A plea of guilty was entered before the jury. The punishment was assessed at five years. The sufficiency of the evidence is not challenged.

Bonnie Ward testified that she was operating the Ward's Grocery Store in Texarkana on the 16th of December, 1975, and that appellant came to the store, waved a pistol and said, "I need your money", and she wanted only the bills; that the appellant took $75.00.

Homer McCombs testified that he was an officer at Texarkana; that he received a call that there had been a robbery at Ward's Grocery; shortly thereafter he saw a car fitting the description and followed it and the driver sped away. He turned on his lights and the automobile accelerated. He stopped the car and, as appellant got out, she brushed her leg against a brown paper bag. She said, "I'm the one that robbed the store" and that if the car had started sooner he would never have caught her. The officer found $75.00 in the paper bag, a ski mask and a shirt which fit the description of the one that Mrs. Ward gave as the one the robber was wearing.

The appellant bought the pistol some four days before the robbery.

She testified on direct examination that she committed the robbery; that she was in need of money. The State introduced evidence that she had paid an attorney toward getting a divorce and that she had spent some $20.00 to buy the gun some time before the robbery.

She testified on direct examination she had never been in trouble before and then she admitted on cross-examination that she had been picked up for shoplifting at a service base in El Paso and had been barred from the base.

Appellant contends that reversible error was committed when she was asked if it was not the fact that at the time she was arrested she had marihuana in her possession. She answered, "Yes." She testified over objection that she really did not know where the marihuana was but that it was not in her purse.

Later Officer Homer McCombs testified that he found marihuana in her possession. This was without objection. Then an objection not relevant here was made. After this, appellant, on voir dire examination, questioned Officer McCombs about his ability to identify marihuana; counsel then objected:

"Your Honor, based on the Officer's testimony I would object to him testifying to any substance he may have found in this car or on her possession, or anywhere else, if he's going to testify it's marijuana."

He then testified it was found in her purse. The officer was asked, "And, in your opinion, was this marihuana?" Counsel then objected, "Again, Your Honor, we would renew our objection on the same grounds previously stated." The objection was overruled.

The tenor of the voir dire examination was concerning the officer's qualification to identify marihuana. Nothing was mentioned about an extraneous offense. Absent an objection, nothing is presented for review. This Court has held that a ground of error different from the objection raised at the trial will not be considered. *McIlveen v. State*, 559 S.W.2d 815 (Tex.Cr.App. 1977); *Lejeune v. State*, 538 S.W.2d 775 (Tex.Cr.App.1976); *Moore v. State*, 480 S.W.2d 728 (Tex.Cr.App.1972). See Texas Digest, Criminal Law ⟜1043(3), for many other cases holding the same thing.

*Thomas v. State*, 572 S.W.2d 507 (1976, motion for rehearing, October 18, 1978), did not change the rule that where testimony comes from another source the error is

waived or made harmless. See *Hughes v. State*, 562 S.W.2d 857 (Tex.Cr.App.1978), a death penalty case where this Court held that it was harmless error where testimony was erroneously admitted and the testimony from another witness to the same effect was admitted without objection. See also *Watson v. State*, 532 S.W.2d 619 (Tex.Cr.App.1976).

 We perceive no error in the cross-examination of appellant about the trouble she had in El Paso after she had testified on direct that she had never been in trouble before.

No reversible error has been shown. The judgment is affirmed.

ODOM, Judge, concurring.

While I concur that error was waived when appellant failed to object to officer McCombs' testimony, I dissent to the majority's declaration on the facts of this case:

"Absent an objection, nothing is presented for review. This Court has held that a ground of error different from the objection raised at trial will not be considered."

Actually, this is what the record reflects when the extraneous offense was *first* brought up:

"Q. Mrs. Cannon, isn't it also a fact that, at the time you were arrested and your possessions were taken at the Police Station, that you had marijuana in your possession?

"A. Yes, sir.

"[Defense counsel]: Your Honor, I'm going to object to that. That's an attempt by the State to try to show some extraneous offense, and we would object strenuously to that.

"THE COURT: Overruled."

Thus, appellant clearly made an objection on the same ground urged on appeal and secured an adverse ruling on it. At that point in the trial the issue was preserved for appellate review. Only when McCombs later testified to the same facts without the same objection being reurged was the error waived.

Of course, had the first objection to the extraneous offense been made outside the presence of the jury, the issue would not have been waived. Art. 40.09(6)(d)(3), V.A.C.C.P.; *Harryman v. State*, Tex.Cr.App., 522 S.W.2d 512. That legislatively established rule makes exceedingly good common sense, but until the legislature expands that rule so that an objection once adversely ruled upon before the jury need not be reurged at each subsequent proof of the same facts, or until this Court is willing to reconsider the waiver doctrine applied in this case, it will be the duty of counsel either to secure an adverse ruling out of the presence of the jury or to reurge his objection at every point that the same matter is presented to the jury. Appellant's counsel in this case having failed to reurge his objection to the extraneous offense at the second time it was proven, and having failed to secure his initial ruling outside the presence of the jury (Art. 40.09(6)(d)(3), supra), I concur in the affirmance on the grounds that such conduct waived the previously obtained adverse ruling.

ROBERTS and PHILLIPS, JJ., join this concurrence.