Jimmy THIBEDEAUX, Appellant,

v.

The STATE of Texas, Appellee.

No. 09–86–185 CR.

Court of Appeals of Texas,
Beaumont.

April 29, 1987.

Windi Akins, Akins & Brooks, Houston, for appellant.

Tom Maness, Criminal Dist. Atty., Beaumont, John R. DeWitt, Asst. Criminal Dist. Atty., for appellee.

## OPINION

BURGESS, Justice.

Appellant was convicted, by a jury, of possession of cocaine. The jury then as-sessed his punishment at thirty years confinement in the Texas Department of Corrections and, in addition, imposed a fine of $20,000. We reverse.

Appellant does not complain of the sufficiency of the evidence so it is unnecessary to relate all the facts. Appellant does complain of the trial court admitting his confession into evidence. His complaint before us is that the confession did not comply with *TEX.CODE CRIM.PROC.ANN. art. 38.22(2)(b)* (Vernon 1979). He argues the article requires that "it [be] shown on the face of the statement that ... (b) the accused, prior to and during the making of the statement, knowingly, intelligently, and voluntarily waived the rights set out in the warning prescribed by Subsection (a) of this section."

Both *Penry v. State*, 691 S.W.2d 636 (Tex.Crim.App.1985) and *Cannon v. State*, 691 S.W.2d 664 (Tex.Crim.App.1985) recognize the requirement that compliance with *art. 38.22(2)(b)* appear on the face of the confession. *Penry, supra*, at 643 states:

> Appellant contends that the requirement of a showing *on the face* of the statement that appellant knowingly, intelligently and voluntarily waived the rights set out in the warnings was not met. The last paragraph of the confession contains the following language: 'I further affirm that I knowingly, intelligently and voluntarily waived the above rights prior to and during the making of this statement.' Appellant's contention is without merit.

*Cannon, supra*, at 674, states:

> The confession introduced into evidence before the jury and reflecting the signature of the appellant shows on its face the warnings required by Article 38.22, sec. 2(a). This is immediately followed by:

> > 'The above rights are continuing rights which can be urged by me at any stage of the proceedings, and I do hereby voluntarily waive these rights and give to the said Frank Castillon, Jr., the person to whom this statement is being made, the following statement; ....'

A reading of the confession which is labeled 'Voluntary Statement of Joseph John Cannon....' reflects a compliance with Article 38.22, sec. 2(b), although it is not a model form for a confession.

Appellant's confession, by contrast, does not contain language as specific as that in either *Perry* or *Cannon*. It states, in pertinent part:

> Having been warned of the above, I do here make the following voluntary statement:
>
> . . . .
>
> I can read and write the english language and I am making this statement of my own free will without any threats or promises.
>
> I have read the above statement and it is true and correct to the best of my knowledge, so help me God.

There does not have to be exact compliance with *art. 38.22*, substantial compliance will suffice. *See Hardesty v. State*, 667 S.W.2d 130 (Tex.Crim.App.1984). These recitations do not reflect even substantial compliance with *art. 38.22(2)(b)*. The confession should have been suppressed but was not. This was harmful error and, thus, requires a reversal. We do not, therefore, reach appellant's other point of error.

REVERSED AND REMANDED.