**Deric WILLIAMS, Appellant**

v.

**The STATE of Texas, Appellee.**

**No. 05–92–01582–CR.**

Court of Appeals of Texas, Dallas.

July 29, 1994.

Discretionary Review Refused Nov. 30, 1994.

Paul R. Shunatona, Dallas, for appellant.

Linda H. Green, Dallas, for appellee.

Before KINKEADE, MALONEY and ROSENBERG, JJ.

### OPINION

KINKEADE, Justice.

Deric Williams appeals his conviction for forgery. The trial court assessed punishment, enhanced by prior convictions, at twenty-five years' confinement in the state penitentiary. In one point of error, Williams contends that the trial court erred in failing to suppress his written statement. We affirm.

### FACTUAL AND PROCEDURAL HISTORY

The trial court held a hearing to determine the admissibility and voluntariness of Williams's written statement. At the hearing, John L. Jones, a special agent with the United States Secret Service, testified that on February 7, 1992, he received a call from the Irving Police Department about some counterfeit $100 bills. When Jones went to the police department to pick up the bills, he spoke with Williams. Jones orally informed Williams of his *Miranda* rights and gave Williams a document advising him in writing of those rights. Williams read the document

and signed it. Jones identified State's Exhibit No. 1 as the document that he gave to Williams containing the list of rights and his waiver of those rights. Jones testified that Williams freely and voluntarily gave up those rights. Williams never asked to stop the interview at any time. Jones also said that Williams never requested a lawyer.

Jones took Williams's voluntary statement. Jones identified State's Exhibit No. 2 as the statement he took from Williams. Jones also testified that State's Exhibit Nos. 1 and 2 were prepared at the same time. Jones wrote Williams's statement for him. After Jones finished writing the statement, he read the contents of the statement to Williams. Williams made one correction and signed the statement.

On cross examination, Jones admitted that nothing in the statement indicated that it could be used as evidence against Williams in court. He also admitted that the statement did not say that any statement that Williams made could be used against him at trial. Jones testified that he did not take a statement from Darren Sanders, the person who allegedly manufactured the counterfeit bills. Jones stated that he did not offer Williams anything to make the statement, and, although he filed forgery charges against Williams, he did not file counterfeit charges against Williams. Jones also testified that he did not tell Williams that the forgery charges would be dropped if he made the statement. Jones did not remember whether Williams was handcuffed when he made his statement.

Williams testified that he signed State's Exhibit Nos. 1 and 2. He said that Jones did not offer him anything to make the statement. Williams testified that after he signed the statement, Jones represented to him that the charges against him would be dropped. He admitted that he did not ask for an attorney. He also admitted that he knew that he had a right to remain silent. Williams testified that he was handcuffed at the time that he made the statement. He denied that anyone forced him or threatened him to make the statement. On cross examination, he testified that his handcuffs were

removed at some point so that he could sign the statement.

The statement that Williams signed began with the following recitation:

I have been advised by Special Agent John L. Jones that under the provisions of the Constitution I cannot be compelled to be a witness against myself and knowing that anything I may say may be used against me, I wish to make the following statement of my own free will and accord, without coercion or threats, and without promise of immunity. I know that I have the right to remain silent; talk to a lawyer and have him present while I am questioned. I know I can decide at any time to stop the questioning and not make any statement. I also know that if I cannot afford a lawyer, one will be appointed to represent me. This statement is a voluntary act on my part, prompted by my desire to tell the facts, and I do not expect to gain any reward or special consideration by reason of having made this statement.

Williams challenged the admission of his written statement on the grounds that it failed to meet the requirements of article 38.22 of the Texas Code of Criminal Procedure. Specifically, Williams made the following objection and argument against the admission of the statement:

Your Honor, we would direct the Court's attention to article 38.22 of the Texas Code of Criminal Procedure on specifically section two subsection A and subsection one and two of subpart A which more or less delineates the particular, I guess, admonishments or warnings that need to be included on the face of any statement before it is admitted into evidence. It clearly states that in subpart A–1 that he must be told that he has the right to remain silent and anything he says may be used against him *at his trial.* And subsection two says he's got to be warned that any statement may be used as evidence *against him in court.*

For [sic] the face of the document, State's Exhibit 2, and from the testimony of Officer Jones, that statement on its face is lacking in those two warnings. Now is there—*we'll concede that there is some*

*language telling that it can be used against him, but not that it can used [sic] against him at court or used against him at trial.*

Now, as I understand the law regarding these statements in 38.22, substantial compliance is really all that the court needs to admit the evidence for that purpose; however, inasmuch as there are two specific, two identifiable warnings that need to be given, one that he be warned it be given in trial, one that it be used against him in court, and inasmuch as this particular statement on its face is devoid of that language, we are asking that it not be admitted at trial because it fails in that regard. And that is pretty much our argument at this time as to why this particular statement that's been marked as State's 2 not be admitted in the trial of this cause.

(Emphasis added.)

The trial court found that Williams's written statement substantially complied with article 38.22 and was admissible in evidence. The trial court found Williams guilty and sentenced him to twenty-five years' confinement in the state penitentiary.

### SUPPRESSION OF EVIDENCE

In his sole point of error, Williams contends that the trial court erred in failing to suppress his written statement. He argues that his statement failed to comply with article 38.22 of the Texas Code of Criminal Procedure in two respects. First, he asserts that his statement does not show on its face that he knowingly, intelligently, and voluntarily waived his statutory rights pursuant to section 2(b) of article 38.22. *See* TEX.CODE CRIM.PROC.ANN. art. 38.22, § 2(b) (Vernon 1979). He also asserts that his statement failed to substantially comply with certain requirements of section 2(a) of article 38.22. *See* TEX.CODE CRIM.PROC.ANN. art. 38.22, § 2(a) (Vernon 1979).

### Standard of Review and Applicable Law

■ In a hearing to determine whether to suppress evidence, the trial court is the sole judge of the weight of the testimony and the credibility of the witnesses. *Miniel v. State,* 831 S.W.2d 310, 315 (Tex.Crim.App.), *cert.*

denied, —— U.S. ——, 113 S.Ct. 245, 121 L.Ed.2d 178 (1992). Accordingly, this Court may not disturb any finding by the trial court regarding suppression of evidence that is supported by the record. *State v. Vogel,* 852 S.W.2d 567, 569 (Tex.App.—Dallas 1992, pet. ref'd).

■ Article 38.22 of the Texas Code of Criminal Procedure provides, in pertinent part, as follows:

Sec. 2. No written statement made by an accused as a result of custodial interrogation is admissible as evidence against him in any criminal proceeding unless it is shown on the face of the statement that:

(a) the accused, prior to making the statement, either received from a magistrate the warning provided in Article 15.17 of this code or received from the person to whom the statement is made a warning that:

(1) he has the right to remain silent and may not make any statement at all and that any statement he makes may be used against him at his trial;

(2) any statement may be used as evidence against him in court;

(3) he has the right to have a lawyer present to advise him prior to and during any questioning;

(4) if he is unable to employ a lawyer, he has the right to have a lawyer appointed to advise him prior to and during any questioning; and

(5) he has the right to terminate the interview at any time; and

(b) the accused, prior to and during the making of the statement, knowingly, intelligently, and voluntarily waived the rights set out in the warning prescribed by Subsection (a) of this section.

TEX.CODE CRIM.PROC.ANN. art. 38.22, § 2 (Vernon 1979). Warnings provided in a voluntary statement are sufficient to comply with the requirements of article 38.22 if they *substantially comply* with the requirements of that article. *Hardesty v. State,* 667 S.W.2d 130, 135 (Tex.Crim.App.1984). A warning that conveys on the face of the statement, in only slightly different language,

the exact meaning of the statute is sufficient to show compliance. *Sosa v. State,* 769 S.W.2d 909, 916 (Tex.Crim.App.1989); *Eddlemon v. State,* 591 S.W.2d 847, 850 (Tex. Crim.App. [Panel Op.] 1979).

### Waiver of Rights

■ Williams first contends that his statement fails to show that he knowingly, intelligently, and voluntarily waived his rights pursuant to section 2(b) of article 38.22. Williams's objection and argument in the trial court clearly were that the statement failed to comply with certain mandatory requirements of subsection 2(a) of article 38.22, not subsection 2(b). An objection raised on appeal will not be considered if it varies from an objection raised at trial. *Euziere v. State,* 648 S.W.2d 700, 703–04 (Tex.Crim.App.1983). We conclude that Williams never raised the claim he now raises in this Court that the statement does not show on its face that he knowingly, intelligently, and voluntarily waived his statutory rights. Because Williams never raised in the trial court the issue of a written waiver of his rights, the complaint he now brings on appeal, he has failed to preserve error on this portion of his claim. *See Allridge v. State,* 762 S.W.2d 146, 157 (Tex.Crim.App.1988), *cert. denied,* 489 U.S. 1040, 109 S.Ct. 1176, 103 L.Ed.2d 238 (1989); *Gauldin v. State,* 683 S.W.2d 411, 413 (Tex.Crim.App.1984); *Moore v. State,* 480 S.W.2d 728, 729 (Tex.Crim.App.1972).

### Substantial Compliance

■ Williams also raises a claim that his statement failed to comply with certain requirements of subsection 2(a) of article 38.22. Williams claims that the warnings contained in his statement fail to comply with the requirements of subsections 2(a)(1) and 2(a)(2) of article 38.22 because the statement fails to advise him that it can be used against him "at his trial" or "in court." The phrase "I know I have the right to remain silent," together with "and knowing that anything I say may be used against me," substantially complies with the requirements of subsection 2(a)(1) and 2(a)(2) of article 38.22. Although the statement does not say that it could be

used against Williams at trial or in court, the warning in the statement is broader than the warning required by article 38.22 because it tells Williams that his statement can be used against him in any type of context not just those mentioned in article 38.22, subsections 2(a)(1) and (2).

The statement suggests that Williams was warned about the fact that his statement could be used against him at trial or in court because it is broad enough to include the concept of both trial and court. *See Cannon v. State,* 691 S.W.2d 664, 674 (Tex.Crim.App. 1985), *cert. denied,* 474 U.S. 1110, 106 S.Ct. 897, 88 L.Ed.2d 931 (1986). The warning implies that any statement that Williams makes may be used against him in *any* context, not just in a trial or court. We conclude that, taken as a whole, the warnings in Williams's statement substantially comply with the requirements of section (2)(a) of article 38.22. The trial court's finding that the statement substantially complied with article 38.22 is thus supported by the record. Accordingly, we overrule Williams's point of error.

We affirm the trial court's judgment.

MALONEY, J., dissents.

MALONEY, Justice, dissenting.

I dissent. The majority focuses on waiver and substantial compliance and ignores article 38.22 of the Texas Code of Criminal Procedure.

John L. Jones, a special agent with the United States Secret Service, orally advised appellant of his *Miranda* [1] rights. Jones also gave appellant a written Warning and Consent statement from appellant, which the trial court admitted as State's exhibit number two. The trial court found that appellant's written statement complied with article 38.22 of the Texas Code of Criminal Procedure.

The majority determines that because appellant's "objection and argument [at trial] clearly were that the statement failed to comply with certain mandatory requirements of subsection 2(a) of article 38.22, not subsection 2(b) [point of error on appeal]," he

---

**1.** *See Miranda v. Arizona,* 384 U.S. 436, 478–79, 86 S.Ct. 1602, 1630, 16 L.Ed.2d 694 (1966).

waived his right to appeal the trial court's ruling. *Williams v. State,* 883 S.W.2d 317, 320 (Tex.App.—Dallas 1994, no pet. h.). The majority ignores that subsection 2(b) incorporates the requirements of subsection 2(a). Section 2 provides:

> Sec. 2. No written statement made by an accused as a result of custodial interrogation is admissible as evidence against him in any criminal proceeding unless it is shown **on the face of the document that:**
>
> (a) [text omitted];[2] *and*
>
> (b) the accused, prior to and during the making of the statement, knowingly, intelligently, and voluntarily waived the rights set out in the warning prescribed by Subsection (a) of this section.

TEX.CODE CRIM.PROC.ANN. art. 38.22, § 2 (Vernon 1979) (emphasis added).

Notwithstanding its declaration of waiver, the majority then cites *Hardesty v. State,* 667 S.W.2d 130 (Tex.Crim.App.1984), for the proposition that article 38.22, section 2 (not 2(a) or 2(b)) requires only substantial compliance. The majority then proclaims that any "warning that conveys **on the face of the statement,** in only slightly different language, the exact meaning of the statute is sufficient to show compliance." (Emphasis added.) *Sosa v. State,* 769 S.W.2d 909, 916 (Tex.Crim.App.1989).

I do not disagree with the majority's recitation of the applicable law. I even agree that the substantial compliance doctrine applies. But article 38.22 requires that the warnings, whether exactly or substantially in compliance, appear **on the face of the defendant's statement.** *See id.; Penry v. State,* 691 S.W.2d 636, 643 (Tex.Crim.App.1985), *cert. denied,* 474 U.S. 1073, 106 S.Ct. 834, 88 L.Ed.2d 805 (1986); *Cannon v. State,* 691 S.W.2d 664, 674 (Tex.Crim.App.1985), *cert.*

*denied,* 474 U.S. 1110, 106 S.Ct. 897, 88 L.Ed.2d 931 (1986); *Eddlemon v. State,* 591 S.W.2d 847, 850 (Tex.Crim.App. [Panel Op.] 1979).

A state can never give less protection than the federal constitution. A state, however, can always afford an accused more rights. *See Heitman v. State,* 815 S.W.2d 681, 690 (Tex.Crim.App.1991).

Williams's statement begins with the following recitation:

> I have been advised by Special Agent John L. Jones that under the provisions of the Constitution I cannot be compelled to be a witness against myself and knowing that anything I may say may be used against me, I wish to make the following statement of my own free will and accord, without coercion or threats, and without promise of immunity. I know that I have the right to remain silent; talk to a lawyer and have him present while I am questioned. I know that I can decide at any time to stop the questioning and not make any statement. I also know that if I cannot afford a lawyer, one will be appointed to represent me.
>
> *This statement is a voluntary act on my part, prompted by my desire to tell the facts, and I do not expect to gain any reward or special consideration by reason of having made this statement.*

(Emphasis added.) Reading appellant's statement as a whole, only the preamble mentions voluntariness. I concede that this preamble satisfies the code's voluntariness requirement. But nowhere on the face of appellant's statement can I find that appellant "knowingly [and] intelligently ... waived the rights set out in the warning prescribed by Subsection (a)." I find no language in appellant's statement as specific as that in *Penry,* 691 S.W.2d at 643, *Cannon,*

---

**2.** Subsection (a) provides:

> (a) the accused, prior to making the statement, either received from a magistrate the warning provided in Article 15.17 of this code or received from the person to whom the statement is made a warning that:
>
> (1) he has the right to remain silent and not make any statement at all and that any statement that he makes may be used against him at his trial;

> (2) any statement he makes may be used as evidence against him in court;
>
> (3) he has the right to have a lawyer present to advise him prior to and during any questioning;
>
> (4) if he is unable to employ a lawyer, he has the right to have a lawyer appointed to advise him prior to and during any questioning; and
>
> (5) he has the right to terminate the interview at any time [continued above]

**322**

691 S.W.2d at 674, or *Thibedeaux v. State,* 729 S.W.2d 137 (Tex.App.—Beaumont 1987, pet. denied). Nor does the majority cite any case that holds that "the face of" a statement includes separate documents.

Notwithstanding that appellant's statement satisfies the federal constitutional standard, it does not substantially comply with article 38.22, section 2. The trial court should have suppressed appellant's statement because it did not comply with the mandatory language of the code.

I would sustain appellant's point of error, reverse the trial court's judgment, and remand this case for new trial.