Jorge GONZALEZ, Appellant,

v.

The STATE of Texas, State.

No. 2–97–182–CR.

Court of Appeals of Texas,
Fort Worth.

March 12, 1998.

Publication Ordered April 9, 1998.

Abe Factor, Fort Worth, for Appellant.

Tim Curry, Crim. Dist. Atty., Charles M. Mallin, Michael R. Casillas, Mollee Westfall, Asst. Dist. Atty., Fort Worth, for Appellee.

Before RICHARDS, BRIGHAM and HOLMAN, JJ.

## OPINION

PER CURIAM.

The trial court convicted appellant Jorge Gonzalez for driving while intoxicated. It assessed punishment at 120 days' confinement, probated for two years, and a $450 fine plus court costs. Appellant challenges the trial court's denial of his motion to suppress the results of his intoxilyzer breath test. Appellant contends that he was coerced into consenting to the breath test because the Spanish language version of the statutory warning given to him did not constitute a literal, verbatim translation of the English statutory language. Because we find that the Spanish language warning given to appellant complied with the statutory requirements, we affirm.

■ A person suspected of having committed the offense of driving while intoxicated must be given the opportunity to take a breath test and must be warned that the failure to take the test may be admissible in a subsequent prosecution and will automatically result in the suspension of his or her driver's license for ninety days. *See* TEX. REV.CIV. STAT. ANN. art. 6701*l*–5 § 2(b) (Vernon 1977).[1] In order for the evidence of such

---

1. Since appellant was arrested in 1994, his appeal is governed by TEX.REV.CIV. STAT. ANN. art. 6701*l*–5 § 2(b) (Vernon 1977), instead of the current version now found at TEX. TRANSP. CODE

breath test to be admissible at trial, the suspect's consent to the breath test must have been voluntary and must not have resulted from physical or psychological pressures exerted by law enforcement officials. *See Erdman v. State,* 861 S.W.2d 890, 893 (Tex.Crim.App.1993).

■ The specific statutory language at issue in this appeal states that "[b]efore requesting a person to give a specimen, the officer shall inform the person orally and in writing that if the person refuses to give the specimen, that refusal may be admissible in a subsequent prosecution." *See* TEX.REV.CIV. STAT. ANN. art. 6701*l*–5 § 2(b) (Vernon 1977). Appellant complains about only one phrase in the Spanish language version of the statutory warning given to him. Appellant was warned *"[s]i usted rehusa el analisis, tal accion puede usarse en su contra en el futuro"*, which the parties stipulate translates into "[i]f you refuse the analysis, that action can be used against you in the future." Appellant claims that this warning, given to him both orally and in writing, failed to inform him of the actual, direct, and statutory consequences of a refusal to take the breath test. Thus, appellant argues that he was coerced into consenting to the breath test by a fear of the unknown consequences of a refusal to take the test.

■ Nothing in the cases cited by appellant requires the law enforcement officer to recite the statutory language of Article 6701*l*–5 verbatim. *See Erdman,* 861 S.W.2d at 893; *Hall v. State,* 649 S.W.2d 627, 628 (Tex.Crim.App. [Panel Op.] 1983); *State v. Sells,* 798 S.W.2d 865, 866–67 (Tex.App.— Austin 1990, no pet.). Indeed, in those cases the error was in providing the defendant with additional warnings not included in the statutory language or misstating the statutory warnings. *See Erdman,* 861 S.W.2d at 893 (defendant warned that if he did not take the breath test, he would automatically be jailed and charged with driving while intoxicated); *Hall,* 649 S.W.2d at 628 (defendant warned that refusal to take the breath test could result in suspension of his driver's license for up to one year); *Sells,* 798 S.W.2d

at 866 (same as *Erdman* ). *See also State v. Serrano,* 894 S.W.2d 74, 75–76 (Tex.App.— Houston [14th Dist.] 1995, no pet.) (defendant warned that he would be free to go if he passed the breath test, but would be jailed for driving while intoxicated if he failed). Furthermore, neither the State nor this court's independent research has found a case requiring the law enforcement officer to parrot Article 6701*l*–5's statutory language in order for the suspect's consent to be voluntary.

In the analogous situation of confessions, the court of criminal appeals and appellate courts have held that the statutory language of Article 38.22 need not be recited verbatim in order for a defendant's written confession to be admissible at trial; only substantial compliance is required. *See Bennett v. State,* 742 S.W.2d 664, 677 (Tex.Crim.App.1987), *vacated on other grounds,* 486 U.S. 1051, 108 S.Ct. 2815, 100 L.Ed.2d 917 (1988); *Penry v. State,* 691 S.W.2d 636, 643 (Tex.Crim.App. 1985), *cert. denied,* 474 U.S. 1073, 106 S.Ct. 834, 88 L.Ed.2d 805 (1986); *Williams v. State,* 883 S.W.2d 317, 320 (Tex.App.—Dallas 1994, pet. ref'd); *Valles v. State,* 719 S.W.2d 666, 667 (Tex.App.—Fort Worth 1986, no pet.); TEX.CODE CRIM. PROC. ANN. art. 38.22 (Vernon 1981). For example, in *Williams* the defendant was warned that "anything [he said] may be used against [him]" which is similar to the warning given to Jorge Gonzales that failure to take the breath test could be used against him in the future. *See Williams,* 883 S.W.2d at 320. The *Williams* Court held that this linguistic variation did not render the defendant's confession involuntary because the warning was broad enough to warn him about the fact that his statement could be used against him at trial or in court. *See id.* Thus, the *Williams* Court concluded that the warnings had substantially complied with the requirements of Article 38.22. *See id.*

We likewise find that the Spanish-language translation of the statutory Article 6701*l*–5 warning was not required to track the statutory language verbatim and that the warning

ANN. §§ 524.011–.015 which went into effect September 1, 1995. There is no substantive difference between the two statutes regarding the issue raised by appellant.

given here substantially complied with the mandate of Article 6701*l*–5. The warning given did not include extra-statutory information or otherwise go beyond the Article 6701*l*–5 requirements. Nor was this the type of warning that would normally result in considerable psychological pressure. Appellant was advised that failure to provide a breath specimen could be used against him in the future. As such, the warning was broad enough to advise appellant of the statutory consequences of refusing a breath test. Consequently, appellant was not coerced by the Spanish language warning into giving a breath test. The record supports this result. The stipulated testimony of the law enforcement officers and intoxilyzer operators, as well as the videotape depicting appellant being warned in both the English and Spanish languages, supports our finding that appellant's breath test was voluntary.

Because we find that appellant voluntarily consented to providing the breath test, we find that the trial court did not err in admitting the results of the breath test. Appellant's points one and two are overruled. Accordingly, the judgment of the trial court is affirmed.