**Andr'a Decors RUTHERFORD, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 05–03–00472–CR.

Court of Appeals of Texas, Dallas.

Feb. 19, 2004.

Rehearing Overruled March 30, 2004.

Scott Allan Cornuaud, Law Office of Scott A. Cornuaud, Greenville, for appellant.

F. Duncan Thomas, District Attorney, Jessica Layne Edwards, Assistant District Attorney, Greenville, for state.

Before Justices MOSELEY, FITZGERALD, and LANG.

## OPINION

Opinion by Justice LANG.

Andr'a Decors Rutherford appeals his conviction for aggravated robbery. After a jury found appellant guilty, the trial court assessed punishment at thirty-five years' imprisonment. In a single issue, appellant argues the trial court erred in failing to suppress appellant's written statement. For the reasons that follow, we affirm the trial court's judgment.

### FACTUAL AND PROCEDURAL BACKGROUND

At around 12:30 a.m. on May 29, 1999, two armed men robbed a McDonald's res-

taurant in Greenville, Texas. During the robbery, one of the men shot an employee. On the evening of June 24, 1999, Greenville police arrested appellant on other charges and placed him in the city jail. The next morning, Detective Mitchell, accompanied by Detective Russell, questioned appellant about the McDonald's robbery. During the two-hour discussion, appellant provided a written statement detailing his involvement in the robbery. The State asserts that the statement was voluntary and taken after appellant was advised of his rights. Appellant complains the statement was not voluntary because he was not advised of his rights as required under Texas Code of Criminal Procedure article 38.22.

At a hearing to determine the admissibility and voluntariness of appellant's statement, Mitchell and Russell testified that Mitchell verbally advised appellant of his *Miranda*[1] rights before talking to him, and appellant responded that he understood these rights. The detectives testified that appellant then confessed his involvement in the McDonald's robbery and responsibility for the shooting. Mitchell transcribed appellant's statement as they talked. The detectives testified that after appellant's statement was complete, Mitchell read it aloud to appellant. Mitchell asked appellant to review the statement and make corrections if necessary. Mitchell then asked appellant to read the first warning aloud, read the remaining warnings to himself, and initial the warnings listed on page one of the statement if he understood and agreed. Appellant did so and initialed each of the warnings. These warnings tracked the language required by the Texas Code of Criminal Procedure article 38.22(2) except that the language of subsection (a)(4)[2] appeared twice and subsection (a)(3)[3] did not appear at all.

In a motion to suppress, appellant challenged the admissibility of his written statement on the grounds that it failed to meet the requirements of article 38.22. He argued that because the statement did not on its face include "the right to have a lawyer present to advise him prior to and during any questioning," the statement violated article 38.22 and could not be used as evidence at trial. At the hearing, appellant testified that he did not remember receiving verbal warnings from Mitchell before making a statement. However, appellant did recall that Mitchell read the rights to him before he signed his statement. Appellant admitted that Mitchell did not promise him anything in return for making the statement, and that no one threatened or coerced him to make the statement.

The record does not include the trial court's findings on admissibility of the statement. However, at trial, the court overruled appellant's objections to the statement and admitted it into evidence. This appeal followed.

## SUPPRESSION OF EVIDENCE

### A. Standard of Review and Applicable Law

In a hearing to determine whether to suppress evidence, the trial court is the sole judge of the weight of the testimony and the credibility of the witnesses.

---

1. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

2. "if [the accused] is unable to employ a lawyer, he has the right to have a lawyer appointed to advise him prior to and during any questioning;"

3. "[the accused] has the right to have a lawyer present to advise him prior to and during any questioning;"

*Rayford v. State,* 125 S.W.3d 521, 528 (Tex. Crim.App.2003); *Williams v. State,* 883 S.W.2d 317, 319 (Tex.App.-Dallas 1994, pet. ref'd). In reviewing a trial court's ruling on a motion to suppress, we give almost total deference to a trial court's determination of historical facts, and we review de novo the court's application of the law. *Rayford,* 125 S.W.3d at 528; *Guzman v. State,* 955 S.W.2d 85, 89 (Tex. Crim.App.1997). Absent an abuse of discretion, we may not disturb the trial court's findings. *Guardiola v. State,* 20 S.W.3d 216, 223 (Tex.App.-Houston [14th Dist.] 2000, pet. ref'd).

Because appellant challenges the admissibility of his statement based on statutory non-compliance, we review the court's judgment on this issue de novo. Article 38.22 of the Texas Code of Criminal Procedure provides, in relevant part, as follows:

> Sec. 2. No written statement made by an accused as a result of custodial interrogation is admissible as evidence against him in any criminal proceeding unless it is shown on the face of the statement that:
>
> (a) the accused, prior to making the statement, either received from a magistrate the warning provided in Article 15.17 of this code or received from the person to whom the statement is made a warning that:
>
> (1) he has the right to remain silent and not make any statement at all and that any statement he makes may be used against him at his trial;
>
> (2) any statement he makes may be used as evidence against him in court;
>
> (3) he has the right to have a lawyer present to advise him prior to and during any questioning;
>
> (4) if he is unable to employ a lawyer, he has the right to have a lawyer appointed to advise him prior to and during any questioning; and
>
> (5) he has the right to terminate the interview at any time; and
>
> (b) the accused, prior to and during the making of the statement, knowingly, intelligently, and voluntarily waived the rights set out in the warning prescribed by Subsection (a) of this section.

TEX.CODE CRIM. PROC. ANN. art. 38.22(2) (Vernon Supp.2004). Warnings provided in a voluntary statement are sufficient to comply with the requirements of article 38.22 if they substantially comply with the requirements of that article. *Williams,* 883 S.W.2d at 319 (citing *Hardesty v. State,* 667 S.W.2d 130, 135 (Tex.Crim.App. 1984)). A warning that conveys on the face of the statement, in only slightly different language, the exact meaning of the statute is sufficient to comply with the statute. *Penry v. State,* 691 S.W.2d 636, 643 (Tex.Crim.App.1985); *Eddlemon v. State,* 591 S.W.2d 847, 850 (Tex.Crim.App. 1979); *Williams,* 883 S.W.2d at 319–20. A total failure by the State to administer an article 38.22 warning is reversible error. *See State v. Subke,* 918 S.W.2d 11, 14 (Tex.App.-Dallas 1995, pet. ref'd). However, an incomplete or incorrect warning may be sufficient for substantial compliance. *See id.*

## B. Application of Law to Facts

The trial record contains uncontroverted evidence that Mitchell orally advised appellant of his rights under *Miranda* and article 38.22(2)(a). It further shows that Mitchell read aloud appellant's entire statement, including the pre-printed warnings, before asking appellant to review and sign the statement. Appellant then signed his statement, which on page one presented the article 38.22 warnings as follows:

> I have been warned and advised ... that I have the right to;

1. Remain silent and not make any statement at all and that any statement I make may be used against me at my trial;
2. That any statement I make may be used as evidence against me in court;
3. That if I am unable to hire a lawyer, I have the right to have a lawyer appointed to advise me prior to and during any questioning;
4. That if I am unable to hire a lawyer, I have the right to have a lawyer appointed to advise me prior to and during any questioning;
5. That I have the right to terminate this statement or interview at any time;
6. I have read each of the above listed rights, I understand the above listed rights, and I want to give up those rights and give this statement of my own free will without any promises or reward or threat having been made towards me.

The State argues that the language of subsection (a)(4), "I have the right to have a lawyer appointed to advise me prior to and during any questioning," also satisfies the requirement of subsection (a)(3). According to the State, the rights listed on the face of appellant's statement have the same meaning as the literal language of the statute because the subsection (a)(4) warning informed the appellant that he had the right to have counsel advise him prior to and during any questioning. The State argues that appellant's statement recited even broader rights than (a)(3) provides because (a)(4) provides rights identical to subsection (a)(3), plus extends the right to free legal counsel to those in need of it. *See Williams,* 883 S.W.2d at 320.

Appellant argues that because language from subsection (a)(3) was completely omitted from the statement, the warning cannot substantially comply with article 38.22. He asserts that the repetition of (a)(4) is not adequate to advise an accused of his right to counsel. Without citing authorities, appellant concludes that because the warnings printed on page one of his statement do not track article 38.22, the statement does not satisfy statutory requirements and therefore could not be admitted as evidence.

■ We agree with the State. Although subsection (a)(3) does not appear on the face of the statement as written in article 38.22, the defect falls within the bounds of an incomplete or incorrect warning, rather than one which is completely omitted. *See Earhart v. Johnson,* 132 F.3d 1062, 1067 (5th Cir.1998) (where appellant received complete article 38.22 warnings in writing and warning by magistrate before making oral statement, coupling of warning of "right to terminate the interview at any time" with caution that "any statement he did make would be used against him at trial" sufficiently conveyed meaning of missing "right to remain silent" warning); *Clark v. State,* 627 S.W.2d 693, 704 (Tex.Crim.App.1981) (on written statement, coupling of right "not to make a statement" with right to "terminate the interview at any time" sufficiently conveyed meaning of missing "right to remain silent" warning where State also orally administered complete *Miranda* warnings at time of arrest); *Williams,* 883 S.W.2d at 320 (on written statement, phrase, "knowing that anything I say may be used against me," substantially complied with requirements of subsections (a)(1) and (a)(2) where State also orally administered complete *Miranda* warnings); *cf. Subke,* 918 S.W.2d at 15 (subsection (a)(1) did not substantially comply with requirements of subsection (a)(2) when appellant gave oral statement and received only verbal warning which omitted subsection (a)(2)).

The language in both subsections (a)(3) and (a)(4) communicate to the accused the right to counsel prior to and during custodial interrogation. TEX.CODE CRIM. PROC. ANN. art. 38.22(2)(a)(3), (4) (Vernon Supp. 2004). A substantial part of subsections (a)(3) and (a)(4) is identical: "he has the right to have a lawyer ... to advise him prior to and during any questioning." Subsection (a)(4) differs by stating that a lawyer may be appointed to advise an indigent accused. The only textual differences between (a)(3) and (a)(4) are that (a)(4) begins, "if he is unable to employ a lawyer" and substitutes the word "appointed" for "present." Both subsections clearly communicate that an accused has a right to have counsel advise him prior to and during questioning. The written statement appellant signed indicates he was advised of "the right to have a lawyer ... to advise [him] prior to and during any questioning." We conclude that the appellant's written statement substantially complies with article 38.22 and the trial court did not abuse its discretion in refusing to suppress the statement. Accordingly, we resolve appellant's sole issue adversely to him.

## CONCLUSION

Having resolved appellant's sole issue adversely to him, we affirm the trial court's judgment.