

# NUMBER 13-11-00314-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

PEDRO BUSTINZA,                                                    Appellant,

v.

THE STATE OF TEXAS,                                                 Appellee.

## On appeal from the 347th District Court
## of Nueces County, Texas.

## MEMORANDUM OPINION

**Before Justices Benavides, Vela, and Perkes**
**Memorandum Opinion by Justice Perkes**

Appellant, Pedro Bustinza, appeals his conviction for murder, a first-degree felony. *See* TEX. PENAL CODE ANN. § 19.02 (West 2011). After a bench trial, the trial court found appellant guilty and sentenced him to fifty-five years of confinement in the Texas

Department of Criminal Justice, Institutional Division.[1]  By a single issue, appellant argues his confession was inadmissible because of insufficient *Miranda* warnings.  We affirm.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

On May 11, 2010, the police received a call concerning the discovery of a dead body. When the police arrived, they found Elisa Rodriguez on the kitchen floor of her apartment. She died from a stab wound in the left part of her chest.  Appellant, Pedro Bustinza, was the last person seen with the decedent.  Police found appellant's fingerprints on a beer can in the decedent's apartment.  Appellant's DNA was a high probability match with the DNA collected from the decedent's fingernails.

Police arrested appellant on a charge of public intoxication, but waited until he was sober before interviewing him.  Prior to questioning, police gave appellant a verbal *Miranda* warning in Spanish, translated as follows:

[Officer]:    I am going to read you your rights then we are going to talk?

[Appellant]:  Okay

[Officer]:    I do—do you understand you have the right to remain silent. Anything you say can and will be used against you in your trial.  Do you understand that?

[Appellant]:  Yes.

[Officer]:    Okay.  Place your initials here, okay.  It will be used as evidence against you in court, do you understand?

[Appellant]:  Yes.

---

[1]  The trial court further found that appellant used or exhibited a deadly weapon, namely, a knife, during the commission of a felony offense or during immediate flight therefrom or was a party to the offense and knew that a deadly weapon would be used or exhibited.  *See* TEX. CODE CRIM. PROC. ANN. article 42.12 (West 2011).

[Officer]:      You have the right to have a lawyer before any questioning, do you understand that?

[Appellant]:    Yes, that if I need and [sic] attorney that I can have one.

[Officer]:      Yes.  You can talk if you unable [sic] to employ a lawyer, you have the right to employ to advise you [sic] before and during any questioning, do you understand that?

[Appellant]:    Yes.

[Officer]:      Okay.  Place it here.  Just your initials?

[Appellant]:    Oh.

[Officer]:      Okay.  That's fine.  Now you have the right to terminate it any time.  You understand?

[Appellant]:    Yes.

Appellant initialed each of the five *Miranda* warnings on an English language form and signed it at the bottom.[2]  Appellant testified at trial that he understands and speaks the English language.  The officers thereafter questioned appellant, and he confessed to stabbing the decedent.

During the bench trial, the trial court admitted appellant's confession as two pieces of evidence:  a recording of the confession and a transcript of the confession.  Appellant's counsel stated "no objection" when the State offered the recording into evidence.  Appellant's counsel also did not object when the State offered the transcript into evidence.  Later, appellant's counsel objected to the admissibility of the confession, saying appellant did not receive a proper *Miranda* warning.  Having already admitted the confession into

---

[2]  Appellant testified during his confession and at trial that he understands and speaks the English language.   The interview was conducted in both English and Spanish.

evidence, the trial court considered whether the evidence should be suppressed due to an insufficient *Miranda* warning.   The trial court overruled appellant's objection.

The trial court found appellant guilty of murder and sentenced him to fifty-five years in prison.   This appeal followed.

## II.   ANALYSIS

Appellant claims the trial court erred by admitting appellant's confession into evidence.   He argues that his confession was inadmissible because of insufficient *Miranda* warnings and because it violated Texas Code of Criminal Procedure article 38.22.[3]   *See Miranda v. Arizona*, 384 U.S. 436 (1966); TEX. CODE CRIM. PROC. ANN. art. 38.22 (West 2011).

### 1. Preservation of Error

The State argues that appellant waived error by stating "no objection" when the trial court admitted the recording of appellant's confession, and by failing to object when the trial court admitted the transcript of appellant's confession.   We disagree.

To appeal the admission of evidence, appellant must preserve the error for appellate review.   *See* TEX. R. APP. P. 33.1(a).   Preservation of error is a systemic requirement that a first-level appellate court should ordinarily review on its own motion.   *See Archie v. State*,

---

[3]   Article 38.22 is the Texas codified version of *Miranda v. Arizona*.   *See Jones v. State*, 944 S.W.2d 642, 650 n.11 (Tex. Crim. App. 1996) (citing *Miranda v. Arizona*, 384 U.S. 436 (1966)).   The article 38.22 warnings are as fully effective as the warnings created in *Miranda v. Arizona*.   *See Charles v. State*, 424 S.W.2d 909, 921 (Tex. Crim. App. 1967); *see also Collins v. State*, 548 S.W.2d 368, 373 (Tex. Crim. App. 1976).   In addition to being equally as effective as the *Miranda v. Arizona* warnings, the article 38.22 warnings provide greater protection because article 38.22 requires an additional warning.   *See Pina v. State*, 38 S.W.3d 730, 735 (Tex. App.—Texarkana 2001, pet. ref'd); *see also Herrera v. State*, 241 S.W.3d 520, 526 (Tex. Crim. App. 2007).   Inasmuch as the warnings are sufficient to satisfy article 38.22, then by default the warnings will also satisfy *Miranda v. Arizona*.   *See Oursbourn v. State*, 259 S.W.3d 159, 171–72 (Tex. Crim. App. 2008) (holding that article 38.22 incorporates the requirements of *Miranda*); *Clark v. State*, 627 S.W.2d 693, 704 (Tex. Crim. App. 1982) ("[t]he simple practice of reading to a defendant the warnings set out in [article 38.22] would eliminate the problem of non-compliance with the precise warnings set out in *Miranda*").

221 S.W.3d 695, 698 (Tex. Crim. App. 2007) (citing *Jones v. State*, 942 S.W.2d 1, 2 n.1 (Tex. Crim. App. 1997)). To preserve an error, appellant's objection during the trial must be specific and timely. *See* TEX. R. APP. P. 33.1(a); TEX. R. EVID. 103(a)(1).

To be specific, the error alleged on appeal must comport with the objection submitted to the trial court. *See* TEX. R. APP. P. 33.1; *see also Heidelberg v. State*, 144 S.W.3d 535, 537 (Tex. Crim. App. 2004) ("the legal basis of a complaint raised on appeal cannot vary from that raised at trial"). An objection is not deficient merely because it does not specifically reference a statute number. *See Rivas v. State*, 275 S.W.3d 880, 887 (Tex. Crim. App. 2009); *see also Knowles v. State*, No. 13-09-00170-CR, 2010 Tex. App. LEXIS 6737, at *18 (Tex. App.—Corpus Christi Aug. 19, 2010, no pet.) (mem. op., not designated for publication) (holding an objection citing *Miranda* was sufficient to preserve error under article 38.22 because the trial court considered the objection in the context of article 38.22). Due to the similarity between *Miranda* and article 38.22, an objection only referencing a *Miranda* violation may be sufficient to preserve error under article 38.22. *See Mayfield v. State*, 828 S.W.2d 568, 571 (Tex. App.—Houston [14th Dist.] 1992, pet. ref'd).

To be timely, a party must object as soon as the grounds for complaint become apparent. *See Gillenwaters v. State*, 205 S.W.3d 534, 537 (Tex. Crim. App. 2006). By affirmatively stating "no objection" when the trial court admits evidence, a party generally waives any complaint concerning the admissibility of that evidence. *See Holmes v. State*, 248 S.W.3d 194, 201 (Tex. Crim. App. 2008); *see also Flores v. State*, 129 S.W.3d 169, 172 (Tex. App.—Corpus Christi 2004, no pet.) (holding accused waived any claim of error by stating "no objection" when the court admitted the evidence).

5

Texas courts have often denied appeal because of unpreserved error when a party states "no objection" to the admission of evidence. *See, e.g.*, *Estrada v. State*, 313 S.W.3d 274, 302 (Tex. Crim. App. 2010) (holding error was unpreserved because appellant stated "no objection" when the court admitted fetal autopsy photographs); *Nadal v. State*, 348 S.W.3d 304, 317 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd) (holding error was unpreserved because appellant stated "no objection" when the court admitted a crime scene photograph of a bloody bed sheet); *Brown v. State*, 334 S.W.3d 789, 804 (Tex. App.—Tyler 2010, pet. ref'd) (holding error was unpreserved because appellant stated "no objection" when the court admitted six letters the defendant sent while in prison); *Holmes*, 248 S.W.3d at 200 (holding error was unpreserved because appellant stated "no objection" when the court admitted a crack pipe into evidence).

However, not every appellant who states "no objection" at trial is denied appeal for want of preserved error. *See Shedden v. State*, 268 S.W.3d 717, 730 (Tex. App.—Corpus Christi 2008, pet. ref'd); *Bouyer v. State*, 264 S.W.3d 265, 268–69 (Tex. App.—San Antonio 2008, no pet.). In the rare case, error may be preserved if the trial court re-examines the admissibility of the challenged evidence after appellant has stated "no objection" or otherwise failed to earlier object to its admission. *See Bouyer*, 264 S.W.3d at 268–69 (distinguishing a post-admission suppression hearing from *Holmes*, where the court did not re-examine the admissibility of evidence).

Appellant initially waived error by stating "no objection" when the trial court admitted the recording of appellant's confession. *See Holmes*, 248 S.W.3d at 200. Error was further unpreserved because appellant did not object when the trial court admitted the transcript of appellant's confession. *See Luna v. State*, 268 S.W.3d 594, 604 (Tex. Crim.

6

App. 2008). The trial court, however, subsequently re-considered whether the evidence was admissible, and allowed appellant's counsel to challenge the admissions. As in *Shedden* and *Bouyer*, this case is distinguishable from *Holmes* because the trial court re-considered whether to admit the evidence after appellant stated "no objection" and failed to object. *See Shedden*, 268 S.W.3d at 730; *Bouyer*, 264 S.W.3d at 268–69. Therefore, appellant's objection was sufficiently timely to preserve review for appeal.

### 2. Sufficiency of *Miranda* Warning

In challenging the sufficiency of the warnings, appellant argues that the warnings he received do not substantially comply with the following subsections of article 38.22: sections 2(a)(1), 2(a)(3), 2(a)(4), and 2(a)(5). We hold that the verbal Spanish warnings were sufficient because they substantially complied with article 38.22.

We initially note, however, that appellant has not submitted an issue on appeal complaining that he could not read the written *Miranda* warnings on the English language form that he signed prior to his confession. Appellant admitted both during his recorded confession and at trial that he speaks and understands the English language. Appellant also signed a document entitled *Affidavit on Defendant's Comprehension of the English Language*, affirming he "understand[s] and speak[s] the English language." Appellant's attorney signed the affidavit and stated that "I have conferred with my client in this cause and I am satisfied that he/she understands and speaks the English language . . . ." The trial court likewise signed the affidavit and stated it "is satisfied that the Defendant understands and speaks the English language . . . ." Inasmuch as appellant has not challenged the *Miranda* warnings set forth on the *Miranda* form, we hold that appellant received the *Miranda* warnings required by law.

Texas law requires that five *Miranda* warnings be given prior to a custodial interrogation. TEX. CODE CRIM. PROC. ANN. art. 38.22.[4] We apply a mixed standard of review of an appeal from a motion to suppress. *See Crain v. State*, 315 S.W.3d 43, 48 (Tex. Crim. App. 2010). This Court gives "almost total deference" to the trial court's factual findings, but reviews the application of the law de novo. *Id.* As such, we review de novo whether the wording of appellant's *Miranda* warning satisfies article 38.22. *Id.*

A *Miranda* warning must substantially comply with article 38.22, albeit it is not required to contain the exact wording. *See Lopez v. State*, 314 S.W.3d 54, 60 (Tex. App.—San Antonio 2010, pet. ref'd). Officers may comply with article 38.22 even if a warning is incomplete as long as the officer's statements convey the "functional equivalent" of a complete warning. *See Nonn v. State*, 69 S.W.3d 590, 592–93 (Tex. App.—Corpus Christi 2001), *aff'd* 117 S.W.3d 874 (Tex. Crim. App. 2003) (quoting *Clark*, 627 S.W.2d at 701). In *Clark*, *Miranda* warnings that omitted the "right to remain silent" still substantially

---

[4] The five *Miranda* warnings are as follows:

Sec. 2. No written statement made by an accused as a result of custodial interrogation is admissible as evidence against him in any criminal proceeding unless it is shown on the face of the statement that:

(a) the accused, prior to making the statement . . . received from the person to whom the statement is made a warning that:

(1) he has the right to remain silent and not make any statement at all and that any statement he makes may be used against him at his trial;

(2) any statement he makes may be used as evidence against him in court;

(3) he has the right to have a lawyer present to advise him prior to and during any questioning;

(4) if he is unable to employ a lawyer, he has the right to have a lawyer appointed to advise him prior to and during any questioning; and

(5) he has the right to terminate the interview at any time.

TEX. CODE CRIM. PROC. ANN. art. 38.22.

complied with article 38.22 because the warnings said the defendant had the right to not say anything and the right to terminate the interview at any time. *Clark*, 627 S.W.2d at 704. Also, substantial compliance is still possible even if a defendant received a *Miranda* warning with multiple errors. *See Cockrell v. State*, 933 S.W.2d 73, 90–91 (Tex. Crim. App. 1996); *White v. State*, 779 S.W.2d 809, 826–27 (Tex. Crim. App. 1989); *Williams v. State*, 883 S.W.2d 317, 320 (Tex. App.—Dallas 1994, pet. ref'd);

Substantial compliance with article 38.22 allows for some wording to differ from the statute. *See Bible v. State*, 162 S.W.3d 234, 240–41 (Tex. Crim. App. 2005); *see also Rutherford v. State*, 129 S.W.3d 221, 226 (Tex. App.—Dallas 2004, no pet.)(*Miranda* warning substantially complies if it states "hire" rather than "employ"); *Nonn*, 69 S.W.3d at 592–93 (phrase "prior to *and* during any questioning" is satisfied by stating "prior to *or* during any questioning"). Courts have further recognized substantial compliance even though the *Miranda* warnings fail to state that the person may terminate the interview for any reason. *See White*, 779 S.W.2d at 826 (holding substantial compliance with the phrase: "[i]f you desire to make a statement or answer questions, you have the right to stop at any time"). Additionally, English to Spanish translation errors may still be sufficient. S*ee Gonzalez v. State*, 967 S.W.2d 457, 459 (Tex. App.—Fort Worth 1998, no pet.)(holding substantial compliance with a statutory warning for driving under the influence "that refusal [to give a specimen] may be admissible in a subsequent prosecution" was translated into Spanish as "[if] you refuse the analysis that action can be used against you in the future").

To be noncompliant, one or more of the five required warnings must be totally absent from the custodial interrogation. *See Hernandez v. State*, 13 S.W.3d 78, 82 (Tex. App.—Texarkana 2000, no pet.). Failure to provide one of the warnings cannot be

9

corrected by properly addressing the remaining four warnings. *See State v. Subke*, 918 S.W.2d 11, 15 (Tex. App.—Dallas 1995, pet. ref'd). Failure to provide all five *Miranda* warnings will result in a suppression of the evidence. *Id.*

Appellant's first argument is that the section 2(a)(1) warning was insufficient. The officer stated that appellant had the "right to remain silent" and "[a]nything you say can and will be used against you in your trial." Appellant argues that this warning omits the portion from section 2(a)(1) wherein it states the right to "not make any statement at all." *See* TEX. CODE CRIM. PROC. ANN. art. 38.22. However, merely leaving out some words from a *Miranda* warning is distinguishable from *Hernandez* and *Subke*, wherein a warning was left out entirely. *See Hernandez*, 13 S.W.3d at 82; *Subke*, 918 S.W.2d at 15. Similar to *Clark*, appellant received the functional equivalent of a full *Miranda* warning because officers told appellant of his right to remain silent and of his right to terminate the questioning. *See Clark*, 627 S.W.2d at 701, 704. Those two rights, stated in combination, convey the functional equivalent of appellant being told that he had a right to not say anything. Therefore, the section 2(a)(1) warning was sufficient.

Appellant's second argument is that the section 2(a)(3) warning was insufficient. The officer told appellant that he had the right to an attorney "before any questioning" but did not say that appellant had the right to an attorney during the questioning. In *Penry v. State*, the *Miranda* warning substantially complied with article 38.22 even though the officer misstated the section 2(a)(3) warning. *See* 691 S.W.2d 636, 643 (Tex. Crim. App. 1985) (en banc). The *Penry* court rejected the argument that a misstatement prevented the defendant from understanding the warning because the defendant's understanding was unharmed by the misstatement. *See id.* Like *Penry*, even though the officer did not

10

correctly state the section 2(a)(3) warning, this misstatement did not harm appellant's understanding of his rights. *See id.* When asked if he understood the warning, appellant said "[y]es, that if I need and [sic] attorney that I can have one." Furthermore, the officer told appellant of his right to an attorney "before and during any questioning" while stating the section 2(a)(4) warning. As in *Clark*, appellant received the functional equivalent of the 2(a)(3) warning because the correct phrase was delivered in the later 2(a)(4) warning. *See Clark*, 627 S.W.2d at 701. Therefore, the section 2(a)(3) warning was sufficient.

Appellant's third argument is that the section 2(a)(4) warning was insufficient. Specifically, appellant claims the warning was insufficient because the officer said he may "employ" an attorney but did tell him that an attorney could be appointed for him. Similar to *Rutherford*, where an officer's *Miranda* warning substituted the word "employ" for the word "hire," the appellant's *Miranda* warning used the word "employ" rather than the word "appoint." *See Rutherford*, 129 S.W.3d at 226. As in *Clark*, appellant received the functional equivalent of a proper article 38.22 warning. *See Clark*, 627 S.W.2d at 701. The officer began the 2(a)(4) warning by saying "[i]f you are unable to employ a lawyer." This implies that if appellant could not afford an attorney, the State would then provide appellant with an attorney. Similar to *Gonzalez*, in which a warning was still sufficient despite translation errors from English to Spanish, the warning issued here was in substantial compliance with section 2(a)(4). *See Gonzalez*, 967 S.W.2d at 459. Therefore, the section 2(a)(4) warning was sufficient.

Appellant's final argument is that the section 2(a)(5) warning was insufficient. The officer told appellant that he had "the right to terminate it at any time" and did not specify that "it" meant the interview. This wording is similar to the warning in *White*, in which officers

11

told the defendant he could stop the interview if he wanted "to make a statement or answer questions." *See White*, 779 S.W.2d at 826. The warning in *White* did not specify that the defendant could just stop the interview, free from any desire to make a statement or answer a question. *See id.* Here, the warning was more clearly stated than in *White*. The word "it" refers to the word "questioning," which appeared in the previous 2(a)(4) warning statement. Considering the context, appellant was informed that he had the right to terminate it, the questioning, at any time. Therefore, the 2(a)(5) warning was sufficient.

Because the warnings appellant received prior to his confession substantially complied with the warnings required under article 38.22, we overrule his sole issue on appeal. *See* TEX. CODE CRIM. PROC. ANN. art. 38.22; *White*, 779 S.W.2d at 826.

### III. CONCLUSION

We affirm the trial court's judgment.

Gregory T. Perkes
Justice

Do not publish. TEX. R. APP. P. 47.2(b).

Delivered and filed the
29th day of August, 2012.

12