The STATE of Texas, Appellant,

v.

Charles Eugene SUBKE, Appellee.

No. 05–94–00913–CR.

Court of Appeals of Texas,
Dallas.

Oct. 3, 1995.

Discretionary Review Refused Nov. 1, 1995.

J. Craig Jett, Travis Walk, Dallas, for appellant.

Gail Falco, Assistant Criminal District Attorney, McKinney, for appellee.

Before LAGARDE, CHAPMAN and MORRIS, JJ.

## OPINION ON PETITION FOR DISCRETIONARY REVIEW

LAGARDE, Justice.

This case is now before us on the appellant's motion to publish and the State's petition for discretionary review to the Court of Criminal Appeals. Upon reconsideration, and pursuant to rule 101 of the Texas Rules of Appellate Procedure, we now modify our opinion.

We withdraw our unpublished opinion of August 23, 1995. We grant the State's motion for rehearing before the panel. We withdraw our opinion of November 30, 1994. We deny the State's motion for rehearing en banc. We grant the appellant's motion to publish. The following is now our opinion.

This is a State's appeal of the trial court's grant of a motion to suppress evidence. Appellee Charles Eugene Subke was charged with the misdemeanor offense of driving while intoxicated (DWI). After a pretrial hearing on a motion to suppress, the trial court granted the motion to suppress in part and denied it in part.[1] The State moved the trial court to reconsider suppressing certain audio portions of a videotape. After a hear-

ing, the trial court denied the State's motion. The State contends that the trial court reversibly erred in granting the motion to suppress evidence. We overrule the State's point of error and affirm the trial court's judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

After the police arrested Subke for DWI, they took him to the police station. The officers placed him in an interviewing room to be videotaped. Before the interview began but while being videotaped, Officer Sullivan read Subke his statutory rights for the first time. The following exchange occurred:

OFFICER: You have the right to remain silent and not make any statement at all and any statement you make will be used against you at your trial. Do you understand that?

SUBKE: Yes, I do.

OFFICER: You have the right to have a lawyer present prior to and during any questioning. Do you understand that?

SUBKE: Yes, I do.

OFFICER: If you are unable to afford a lawyer you have the right to have a lawyer appointed to [sic] you prior to or during any questioning. Do you understand that?

SUBKE: Yes, I do.

OFFICER: And you have the right to terminate the interview at any time. Do you understand that?

SUBKE: Yes.

OFFICER: And you understand each of those rights that I've read to you?

SUBKE: I do.

At the suppression hearing, the State offered the videotape into evidence. The defense objected, claiming Officer Sullivan's warnings at the beginning of the videotape did not comply with article 38.22. *See* TEX.

---

1. The trial court's order states in relevant part as follows:

 That part of the audio portion of the videotape where the officers purport to give the defendant his *Miranda* and Article 38.22 warnings and the Defendant's responses thereto, are hereby suppressed.

 The audio portion of that portion of the videotape, after the Defendant is given his DWI warnings pursuant to Article 6701L–5, Section 2, where the Defendant is questioned by and responds to questions from police officers, is hereby suppressed.
 The Defendant's motion to suppress is otherwise DENIED.

CODE CRIM.PROC.ANN. art. 38.22 (Vernon 1979 & Supp.1995). Specifically, appellee argued that the officer did not tell him that "any statement he makes may be used against him as evidence in court" pursuant to article 38.22, subsection 2(a)(2) of the Texas Code of Criminal Procedure. After viewing the warnings on the videotape, the trial judge found that the officer did not give a subsection 2(a)(2) statutory warning and suppressed the audio portion of the videotape.

After a hearing, the trial court denied the State's motion to reconsider its ruling. The trial court entered findings of fact and conclusions of law and a written order suppressing the videotape. The trial court's findings of fact provide, in relevant part:

17. At the Plano Police Department the Defendant was videotaped. At the beginning of the videotape the Defendant was given the following warnings:

a. You have the right to remain silent and not make any statement at all and that any statement you make will be used against you at trial;

b. You have the right to have a lawyer present to advise you prior to and during questioning;

c. If you are unable to employ a lawyer, you have the right to have a lawyer appointed to advise you prior to and during any questioning;

d. You have the right to terminate the interview at any time.

The trial court's conclusions of law state:

9. The only time the officers attempted to give the Defendant his *Miranda* warnings or 38.22 warnings was in the videotape room.

10. The officer's warnings to the Defendant in the videotape room were in substantial compliance with the requirements of *Miranda v. Arizona* [384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) ] and the Fifth Amendment to the United States Constitution.

11. The police officer's warnings to the Defendant in the videotape room did not comply with Article 38.22, C.C.P. because the officer did not tell the Defendant that any statement he makes may be used

against him as evidence in court as required by article 38.22, Section 2(a).

12. The Court finds that there is a difference between statements being used in "trial" and being used in "court" and that the legislature intended there be a difference.

13. The *Miranda* warnings and purported warnings pursuant to Article 38.22 given to the Defendant on the videotape are inadmissible.

## MOTION TO SUPPRESS

In its sole point of error, the State contends that the trial court reversibly erred in suppressing certain audio portions of the videotape. The State argues that the warnings the officer gave substantially complied with the statutory requirements of section 2(a) of article 38.22 of the Texas Code of Criminal Procedure. *See* TEX.CODE CRIM.PROC.ANN. art. 38.22, § 2(a) (Vernon 1979).

### Standard of Review

 At a suppression hearing, the trial judge is the sole judge of the witnesses' credibility and the weight given their testimony. *Romero v. State,* 800 S.W.2d 539, 543 (Tex.Crim.App.1990). The trial judge may accept or reject any or all of the witnesses' testimony. *Johnson v. State,* 803 S.W.2d 272, 287 (Tex.Crim.App.1990), *cert. denied,* 501 U.S. 1259, 111 S.Ct. 2914, 115 L.Ed.2d 1078 (1991), *overruled on other grounds, Heitman v. State,* 815 S.W.2d 681, 685 n. 6 (Tex.Crim.App.1991). We do not engage in our own factual review. We consider only whether the trial court improperly applied the law to the facts. *See Romero,* 800 S.W.2d at 543. Absent a showing of an abuse of discretion, we do not disturb the trial court's findings. *Maddox v. State,* 682 S.W.2d 563, 564 (Tex.Crim.App.1985).

We view the evidence in the light most favorable to the trial court's ruling. *Daniels v. State,* 718 S.W.2d 702, 704 (Tex.Crim. App.), *cert. denied,* 479 U.S. 885, 107 S.Ct. 277, 93 L.Ed.2d 252 (1986), *overruled on other grounds, Juarez v. State,* 758 S.W.2d 772, 780 n. 3 (Tex.Crim.App.1988). If the evidence supports the trial court's ruling, we

do not disturb that ruling. *Johnson,* 803 S.W.2d at 287. We must uphold the trial court's ruling if it can be upheld on any valid theory, regardless of whether the appellee argued it in the trial court or on appeal. *See Lewis v. State,* 664 S.W.2d 345, 347 (Tex. Crim.App.1984) (disposing of motion to suppress on grounds of appellant's lack of standing despite fact that State did not argue lack of standing at trial or on appeal).

### Article 38.22 of the Texas Code of Criminal Procedure

■ An oral confession shall be used against an accused in a criminal proceeding only if prior to the statement but during the recording the accused is given a warning that strictly complies with article 38.22, section (2)(a) of the Texas Code of Criminal Procedure. TEX.CODE CRIM.PROC.ANN. art. 38.22, § 3(a)(2) (Vernon Supp.1995). Section 2 of article 38.22 of the Texas Code of Criminal Procedure provides in relevant part:

> Sec. 2. No written statement made by an accused as a result of custodial interrogation is admissible as evidence against him in any criminal proceeding unless it is shown on the face of the statement that: (a) the accused, prior to making the statement, either received from a magistrate the warnings provided in Article 15.17 of this code or received from a person to whom the statement is made a warning that:
>
> (1) he has the right to remain silent and not to make a statement at all and that any statement he makes may be used against him at his trial;
>
> (2) any statement he makes may be used as evidence against him in court;

TEX.CODE CRIM.PROC.ANN. art. 38.22, § 2(a) (Vernon 1979). Warnings given during the recording must convey the exact meaning of the warnings stated in the statute. *Cf. White v. State,* 779 S.W.2d 809, 827 (Tex.Crim.App. 1989) (written statement on its face must convey exact meaning), *cert. denied,* 495 U.S. 962, 110 S.Ct. 2575, 109 L.Ed.2d 757 (1990); *Penry v. State,* 691 S.W.2d 636, 643 (Tex.

Crim.App.1985), *cert. denied,* 474 U.S. 1073, 106 S.Ct. 834, 88 L.Ed.2d 805 (1986). A complete failure to give the statutory warnings precludes an oral statement from being admissible against the accused. *See* TEX. CODE CRIM.PROC.ANN. art. 38.23 (Vernon Supp.1995); *Clark v. State,* 627 S.W.2d 693, 704 (Tex.Crim.App.1981) (without proper predicate of warnings even a voluntary statement is inadmissible); *Lundstrom v. State,* 678 S.W.2d 130, 134 (Tex.App.—Eastland 1984), *aff'd,* 742 S.W.2d 279 (Tex.Crim.App. 1986). However, a warning that conveys the exact meaning of the statute in slightly different language is sufficient to comply with the requirements of the statute. *Cf. Sosa v. State,* 769 S.W.2d 909, 916 (Tex.Crim.App. 1989); *White,* 779 S.W.2d at 827; *Penry,* 691 S.W.2d at 643.

■ We conclude that the substantial compliance requirement of article 38.22, section 2 warnings is analogous to the substantial compliance requirement of admonishments given a defendant before a guilty plea under article 26.13(a) of the Texas Code of Criminal Procedure.[2] *See* TEX.CODE CRIM.PROC.ANN. art. 26.13(a) (Vernon Supp.1995); *Morales v. State,* 872 S.W.2d 753, 754–55 (Tex.Crim.App. 1994). In *Morales,* the Court held that the total failure of the trial court to admonish a defendant about deportation is reversible error. *Morales,* 872 S.W.2d at 754–55. However, an incomplete or incorrect admonishment is sufficient to substantially comply with article 26.13(a)(4). *See Garcia v. State,* 877 S.W.2d 809, 813 (Tex.App.—Corpus Christi 1994, pet. ref'd).

■ The State argues that the officer's warning that "any statement may be used against you at your trial" satisfies the requirements of both subsections 2(a)(1) and (2) of article 38.22 because the word *trial* is the substantial equivalent of the word *court.* However, we must give effect to the plain language of a statute. *See Boykin v. State,* 818 S.W.2d 782, 785 (Tex.Crim.App.1991). If the language is clear and unambiguous, we presume that the legislature meant what was

---

**2.** Article 26.13(a) does not apply to misdemeanors. *McGuire v. State,* 617 S.W.2d 259, 261 (Tex.Crim.App. [Panel Op.] 1981); *Johnson v.* *State,* 614 S.W.2d 116, 119 (Tex.Crim.App.1981) (op. on reh'g).

said in the statute. We are not to add or subtract from the wording of the law. *See id.* Thus, we hold that the Legislature deliberately placed both warnings, subsections 2(a)(1) and (2), in the statute to inform the accused of his rights. Accordingly, the failure to do so makes the statement inadmissible.

The State relies on *Pena v. State,* 832 S.W.2d 697 (Tex.App.—Corpus Christi 1992, pet. ref'd), for the proposition that the phrase "any statement he makes may be used against him at trial" in subsection 2(a)(1) encompasses the language in subsection 2(a)(2) that "any statement he makes may be used as evidence against him in court." We do not agree. In *Pena,* appellant complained that he was not given his required article 38.22 warnings. *See Pena,* 832 S.W.2d at 699. The court found that the written warnings stated in the "Rights of Arrestee" form sufficiently complied with article 38.22. *Id.* at 700. The warnings in the "Rights of Arrestee" form are similar to the ones given by Officer Sullivan. However, the court in *Pena* did not state the specific deficiencies upon which appellant based his claim of non-compliance with article 38.22. Moreover, the court cited no authority for its sweeping conclusion, nor did it support the conclusion with any reasoning. Thus, we decline to follow *Pena* for the proposition that subsection 2(a)(2) is subsumed by subsection 2(a)(1).

The State also relies on *White, Penry,* and *Parra v. State,* 743 S.W.2d 281, 285–86 (Tex. App.—San Antonio 1987, pet. ref'd), in support of the proposition that Officer Sullivan's warnings substantially complied with article 38.22, section 2(a). *See White,* 779 S.W.2d at 827; *Penry* 691 S.W.2d at 643. These cases are distinguishable. In *White,* appellant argued that the officer's warnings did not substantially comply with subsections 2(a)(3), (4), and (5). *See White,* 779 S.W.2d at 826. In *Penry,* appellant argued that the officer's warnings did not substantially comply with subsections 2(a)(3) and (4). *See Penry,* 691 S.W.2d at 642. In *Parra,* appellant argued that the statutory warnings did not substantially comply with subsections 2(a)(2) and (5). *See Parra,* 743 S.W.2d at 285. Thus, none of these cases deals directly with the situation

in this case where there has been a failure to give the statutory warnings as prescribed in subsections 2(a)(1) and (2).

The only case that has specifically dealt with the failure to give the statutory warnings in subsections 2(a)(1) and (2) is *Williams v. State,* 883 S.W.2d 317, 320 (Tex. App.—Dallas 1994, pet. ref'd). In *Williams,* this Court held that the phrase "I know I have the right to remain silent," together with "and knowing that anything I say may be used against me," substantially complied with the requirements of subsections 2(a)(1) and (2) of article 38.22. *Williams,* 883 S.W.2d at 320. This Court reasoned that the warning was broad enough to encompass any type of context, not just "at trial" or "in court." *Id.* Unlike *Williams,* in this case, the warning was specifically limited to "at trial" and did not include "in court." Thus, *Williams* is distinguishable.

Therefore, we conclude that this case does not present an issue where this Court must determine whether "close is good enough." *Clark,* 627 S.W.2d at 704. The officer completely failed to give the warning prescribed in subsection 2(a)(2). This Court cannot hold that the complete failure to give one of the statutory warnings is substantial compliance. *See Lundstrom,* 678 S.W.2d at 134; *cf. Garcia,* 877 S.W.2d at 813. Accordingly, we hold that the trial court did not abuse its discretion in granting appellee's motion to suppress. We overrule the State's sole point of error.

We affirm the trial court's judgment.