98-00616 Morales v State of Texas.wpd



No. 04-98-00616-CR

Ernest MORALES,

Appellant

v.


The STATE of Texas,

Appellee

From the 144th Judicial District Court, Bexar County, Texas

Trial Court No. 98-CR-2447

Honorable Susan D. Reed, Judge Presiding

Opinion by: Karen Angelini, Justice

Sitting: Catherine Stone, Justice

 Sarah B. Duncan, Justice

 Karen Angelini, Justice

Delivered and Filed: October 6, 1999

AFFIRMED

Nature of the case

 A jury found Ernest Morales guilty of the offense of sexual assault of a child. The jury

assessed punishment at ten years confinement and a $5000 fine. In his first issue, Morales argues
that the court erred in admitting evidence of extraneous offenses during the punishment phase. In
his second issue, Morales contends that the court erred by allowing the State to impeach him with
prior convictions. In his third issue, Morales contends that the court erred in admitting his statement.
In the fourth issue, Morales asserts that the court improperly instructed the jury regarding parole.

Extraneous offenses 


 In his first issue, Morales asserts that the court erred in allowing evidence of extraneous
offenses during the punishment phase because the State failed to provide notice of its intent to
introduce extraneous offenses. Morales complains about the admission of the following six
extraneous offenses: (1) juvenile adjudication for burglary of a vehicle; (2) possession of a
switchblade knife; (3) possession of brass knuckles; (4) theft of a motorcycle and evading and
resisting arrest; (5) possession of cocaine; and (6) indecent exposure. Morales failed to object to the
admission of testimony concerning the third, fourth, fifth, and sixth extraneous offenses. Thus,
Morales has waived any error with regard to the admission of these extraneous offenses. See Tex.
R. App. P. 33.1(a); Jenkins v. State, 948 S.W.2d 769, 776-77 (Tex. App.-San Antonio 1997, pet.
ref'd). 

 With regard to the admission of the certified copy of the juvenile adjudication order and
testimony concerning the possession of the switchblade, Morales objected on the basis that the State
failed to provide notice of its intent to offer the extraneous offenses after his timely request for
notice. Morales, however, failed to object during questioning of defense witnesses about the two
extraneous offenses. Further, Morales testified, without objection, about the burglary of the vehicle
and the possession of the switchblade. In order to preserve error, the defendant must object every
time inadmissible evidence is offered. See Purtell v. State, 761 S.W.2d 360, 368 (Tex. Crim. App.
1988). Further, when the same facts are proven by the defendant or other unobjected-to testimony,
the improper admission of evidence is harmless. See Marles v. State, 919 S.W.2d 669, 672 (Tex.
App.-San Antonio 1996, pet. ref'd). Therefore, Morales has failed to preserve error as to the
admission of extraneous offenses during the punishment phase. We overrule his first issue. 

Impeachment

 In his second issue, Morales asserts that the court erred in permitting the State to impeach

him with evidence of prior convictions and misdemeanors which were not crimes involving moral
turpitude. Morales, however, failed to object to the State's cross-examination and impeachment.
Thus, his allegation has not been preserved for appeal. See Tex. R. App. P. 33.1(a); Jenkins, 948
S.W.2d at 776-77. We overrule the second issue.

Statement


 In his third issue, Morales contends that the court erred in finding that his statement was taken
in compliance with article 38.22 of the Code of Criminal Procedure and in admitting the statement
into evidence. Tex. Code Crim. Proc. Ann. art. 38.22 (Vernon 1979).(1) Specifically, Morales
contends that the written statement does not show on its face that the warnings were given and that
a warning was omitted. Morales filed a pre-trial motion to suppress. After a pre-trial hearing, the
court denied the motion to suppress and issued findings that the statement was voluntarily made and
complied with the requirements of article 38.22. 

 On a motion to suppress evidence, we afford almost total deference to the trial court's
determination of historical facts. Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).
However, when the underlying facts are undisputed, the court's determination of the law and the
application of the law to the facts are reviewed de novo. Id.; see also Hernandez v. State, 957
S.W.2d 851, 852 (Tex. Crim. App. 1998) (remanding case for de novo review of a motion to
suppress a confession). 

 Because the facts are undisputed, we review de novo the court's determination that the
statement complied with article 38.22. First, Morales contends that the face of the statement
contains no warnings, because the warnings are on a separate page. Morales's statement, admitted
as State's exhibit one, consisted of two pieces of paper stapled together. The first page contained
the warnings enumerated in article 38.22(a), which Morales had initialed, and a statement indicating
that his rights had been read to him and he understood them. The second page contained Morales's
typed statement and his signature. 

 In Sorola v. State, the defendant lodged a similar complaint about warnings being placed on

a different page than the statement. Sorola v. State, 674 S.W.2d 809, 811 (Tex. App.-San Antonio
1984), aff'd on other grounds, 693 S.W.2d 417 (Tex. Crim. App. 1985). Because the testimony
demonstrated that the statement consisted of one instrument composed of two pages, this court found
that the warnings complied with article 38.22. Id. at 812. Likewise, we find that Morales's
statement

consisted of one instrument which merely contained two pages. Detective Peters, who obtained
Morales's statement, testified that he read Morales each warning, asked Morales if he understood
the warning, and then had Morales initial each warning. After reviewing all the warnings on the first
page, Detective Peters began typing Morales's statement. Although Morales testified that Detective
Peters read him the warnings after he made his statement, Morales admitted that he initialed the
warnings and signed both pages. Further, both pages referred to a voluntary statement, contained
the same date and were witnessed by Detective Peters. Because the warnings and statement were
one instrument, we find that the statement was taken in compliance with article 38.22.

 Second, Morales asserts that he was not warned that any statement he made could be used
against him at his trial as required by article 38.22, section 2(a)(1). Tex. Code Crim. Proc. Ann.
art. 38.22, § (2)(a)(1) (Vernon 1979). Section 2(a)(1) provides the following warning: "he has the
right to remain silent and not make any statement at all and that any statement he makes may be used
against him at his trial." Id. Section 2(a)(2) states: "any statement he makes may be used as
evidence against him in court." Id. § (2)(a)(2). Morales received the following warnings:

 1. You have the right to remain silent.

 2. Anything you say can be used against you in a court of law.

 3. You have the right to talk to a lawyer for advice before we ask you
any questions and to have him or her with you before or during any
questioning.

 4. If you cannot afford a lawyer, one will be appointed to represent
you before any questioning.

 5. If you decide to answer questions now without a lawyer, you will
have the right to stop answering questions at any time until you talk
to a lawyer. 

Although Morales did not receive the complete section 2(a)(1) warning, he was warned that anything
he said could be used against him in a court of law as required by section 2(a)(2). Id. § 2(a)(2).
Warnings which differ slightly from the language of the statute, but which convey the exact meaning
of the statute are sufficient to comply with article 38.22. Sosa v. State, 769 S.W.2d 909, 915-16
(Tex. Crim. App. 1989). In Sosa, the defendant was only warned that anything he said could be used
against him in court. The Court of Criminal Appeals reviewed the warnings and found that the
warnings were sufficient to comply with article 38.22. Id. at 916. In Williams v. State, the defendant
received a warning that anything he said could be used against him without out specifying "in court"
or "at trial." Williams v. State, 883 S.W.2d 317, 320 (Tex. App.-Dallas 1994, pet. ref'd). The court
found that the warning was broad enough to encompass "at trial" and "in court" and, therefore,
substantially complied with article 38.22. Id. 

 In contrast, the court in State v. Subke found that the warning that any statement may be used
against you at your trial did not substantially comply with article 38.22. State v. Subke, 918 S.W.2d
11, 15 (Tex. App.-Dallas 1995, pet. ref'd). In Subke, the defendant was warned that any statement
could be used against him at trial, but was not warned that any statement could be used against him
in court. Id. at 13. The court in Subke distinguished Williams on the basis that "at trial" was not
broad enough to encompass "in court." Id. at 15. Because "at trial" is more specific than "in court,"
we find that Morales's warning was broad enough to encompass the section 2(a)(1) warning that any
statement can be used at trial. Further, the Court of Criminal Appeals found the identical warning
sufficient in Sosa. Although Morales's warning differed from the exact language of section 2(a)(1),
we find that the warnings conveyed the exact meaning of the statute. Thus, the court did not err by
finding that the statement was taken in compliance with article 38.22. We overrule Morales's third
issue.

Parole instruction


 In the fourth issue, Morales contends that the court erred by giving the incorrect parole
instruction. The court provided an instruction in accordance with article 37.07, section 4(a) which
applies to offenses listed in article 42.12, section 3g(a)(1). Tex. Code Crim. Proc. Ann. art. 37.07,
§ 4(a), art. 42.12, § 3g(a)(1) (Vernon Supp. 1999). Morales was found guilty of sexual assault of a
child by penetration which is an offense listed in article 42.12, section 3g(a)(1)(H). Morales,
however, contends that sexual assault of a child was added to article 42.12 in 1997 which became
effective September 1, 1997 and, therefore, inapplicable to him because he committed the offense
in June of 1997. As the State points out, the Legislature added the offense of sexual assault of a
child to article 42.12, section 3g(a)(1) in 1995. See Act of May 29, 1995, 74th Leg., R.S., ch. 318,
§ 52, 1995 Tex. Gen. Laws 2734, 2749. Thus, the court correctly applied the parole instruction in
article 37.07, section 4(a). We overrule the fourth issue.

 Accordingly, we affirm the judgment. 

 Karen Angelini, Justice

DO NOT PUBLISH


1. Article 38.22, section 2 provides:

 

 No written statement made by an accused as a result of custodial interrogation is
admissible as evidence against him in any criminal proceeding unless it is shown
on the face of the statement that:

 (a) the accused, prior to making the statement, either received from a
magistrate the warning provided in Article 15.17 of this code or received
from the person to whom the statement is made a warning that:

 (1) he has the right to remain silent and not make any statement at all and
that any statement he makes may be used against him in court;

 (2) any statement he makes may be used as evidence against him in court;

 

 (3) he has the right to have a lawyer present to advise him prior
to and during any questioning;

 (4) if he is unable to employ a lawyer, he has the right to have a lawyer
appointed to advise him prior to and during any questioning; and 

 (5) he has the right to terminate the interview.

Tex. Code Crim. Proc. Ann. art. 38.22, § 2(a)(1)-(5) (Vernon 1979).