MEMORANDUM OPINION




No. 04-05-00280-CR



Maria D. SANTA CRUZ,


Appellant



v.



The STATE of Texas,


Appellee



From the 218th Judicial District Court, La Salle County, Texas


Trial Court No. 04-07-0036-CRL (1)


Honorable Donna S. Rayes, Judge Presiding



Opinion by: Rebecca Simmons, Justice


Sitting: Alma L. López, Chief Justice

 Sandee Bryan Marion, Justice

 Rebecca Simmons, Justice


Delivered and Filed: March 7, 2007


AFFIRMED

 Appellant Maria D. Santa Cruz was found guilty by a jury of possession with intent to deliver
cocaine in an amount greater than 400 grams. She was subsequently sentenced to seventeen years
confinement in the Institutional Division of the Texas Department of Criminal Justice. Santa Cruz
appeals the trial court's denial of her motion to suppress. We affirm the judgment of the trial court.

Factual Background

 On December 3, 2003, Maria Santa Cruz was traveling northbound on Interstate Highway
35, in LaSalle County, when she was stopped by Officer Doug Phillips. Officer Phillips observed
Santa Cruz failing to use a signal before changing lanes and "following [another vehicle] too
closely." Santa Cruz's daughter ("Olga") was the passenger in the vehicle. Officer Phillips
approached the vehicle on the passenger side and asked Santa Cruz for her driver's license, which
she did not have on her person. 

 Officer Phillips immediately noticed an unusual bulge underneath Olga's t-shirt, as well as
her rigid and restricted demeanor while inside the vehicle. Santa Cruz was asked to exit the vehicle
and then questioned about her travel plans. The officer subsequently requested the same information
from Olga. Additionally, Officer Phillips asked Olga to "pull her shirt close to her body." Officer
Phillips then tapped the square-shaped object under the t-shirt with his flashlight. After requesting
Olga to partially lift her shirt, he saw the five bundled kilos of cocaine. Santa Cruz and Olga were
given Miranda warnings and arrested. While on the roadside, but after the Miranda warnings were
given, Santa Cruz and Olga both continued to provide information to the officer regarding their
involvement in the offense. (2) 

 On appeal, Santa Cruz contends that the trial court erred in denying her motion to suppress
the contraband and her statement that the cocaine was hers and that Olga was not involved in the
commission of the offense. Santa Cruz argues the officer lacked reasonable suspicion to initiate the
traffic stop. She further argues, even if reasonable suspicion existed to initiate the traffic stop, any
statements made by Santa Cruz were improperly admitted at trial because the Miranda warnings
were insufficient in accordance with Article 38.22 of the Texas Code of Criminal Procedure. 

Standard of Review

 When reviewing a trial court's decision to deny a motion to suppress, an appellate court
affords almost total deference to the trial court's findings of fact, especially when those findings
involve the evaluation of a witness's credibility or demeanor. State v. Ross, 32 S .W.3d 853, 856
(Tex. Crim. App. 2000); Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). As such, we
view the evidence in the light most favorable to the trial court's ruling and uphold the ruling if it can
be done so on any valid theory. Romero v. State, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990). Id. 
Absent a showing of abuse of discretion, we will not disturb a ruling supported by the evidence. The
trial court's application of the law to those facts, however, is reviewed de novo. Guzman, 955
S.W.2d at 87; State v. Arriaga, 5 S.W.3d 804, 804 (Tex. App.--San Antonio 1999, pet. ref'd). 

Traffic Stop

 Santa Cruz contends there was no reasonable basis for Officer Phillips to initiate the stop. 
Specifically, Santa Cruz states that the failure to signal before changing lanes and following another
vehicle too closely are not traffic violations. We disagree.

 If an officer has a reasonable basis for suspecting a person committed a traffic offense, the
officer may initiate a traffic stop. Zervos v. State, 15 S.W.3d 146, 151 (Tex. App.--Texarkana 2000,
pet. ref'd). The Texas Transportation Code states: "An operator [of a motor vehicle] shall use the
[turn] signal...to indicate an intention to . . . change lanes . . . ." Tex. Transp. Code Ann. § 545.104
(Vernon 2005) (emphasis added). The failure to comply with § 545.104 is a misdemeanor offense. 
Tex. Transp. Code Ann. § 542.301 (Vernon 2005). Thus, Santa Cruz's failure to signal before
changing lanes provided Officer Phillips with a reasonable basis to conduct a traffic stop. Because
the trial court found sufficient probable cause for the stop based on the first traffic offense alone, we
will not address Santa Cruz's claim with regard to following another vehicle too closely. 
Accordingly, we overrule Santa Cruz's first issue on appeal. (3) 

Oral Statements

 Santa Cruz next contends that the trial court erred in denying the motion to suppress her
recorded oral statements based on Officer Phillips' failure to warn Santa Cruz of her right to
terminate the interview. She also argues the State's failure to timely provide her counsel with a copy
of the statements violated Article 38.22 of the Texas Code of Criminal Procedure and Miranda v.
Arizona, 384 U.S. 436 (1966).

Miranda Warnings

 Santa Cruz complains that the trial court was required to exclude the statements because
Officer Phillips failed to advise her of her right to terminate the interview which she claims is
required by Miranda v. Arizona, 384 U.S. 436 (1966). The warnings required by Miranda prior to
a custodial interrogation include: the right of the accused to remain silent, notification that any
statement made may be used as evidence against the accused, and the accused's right to the presence
of an attorney, whether the attorney be retained or appointed. Miranda, 384 U.S. at 444. "The right
to terminate the interview at any time is not a right among those expressly required by Miranda." 
Braddock v. State, 5 S.W.3d 748, 754 (Tex. App.--Texarkana 1999, no pet.) (citing Robertson v.
State, 871 S.W.2d 701, 713 (Tex. Crim. App. 1993)). Therefore, because Santa Cruz's argument
rests solely on the officer's failure to warn her of her right to terminate the interview, Miranda is
inapplicable.

 We next address Santa Cruz's argument that Officer Phillips was required to advise her of
her right to terminate the interview in accordance with Texas Code of Criminal Procedure Article
38.22.

Tex. Code Crim. Proc. Art. 38.22

A. Art. 38.22 §§ (2)(a)(5) and (3)(a)(2)

 Officer Phillips conceded that he did not inform Santa Cruz that she could terminate the
interview at any time. Strict compliance with the warning prescribed in Texas Code of Criminal
Procedure article 38.22 is required. See Tex. Crim. Proc. Code Ann. art. 38.22, §§ (2)(a)(5), (4)
(3)(a)(2); (5)
 Woods v. State, 152 S.W.3d 105, 116 (Tex. Crim. App. 2004). Although the trial court
held Officer Phillips' warnings required by Article 38.22 were sufficient, we disagree. Officer
Phillips' omission regarding Santa Cruz's right to terminate the interview required the suppression
of the oral statements. See Hernandez v. State, 13 S.W.3d 78, 82 (Tex. App.--Texarkana 2000, no
pet.) (concluding that the complete absence of a warning will not meet the requirement of Article
38.22); State v. Subke, 918 S.W.2d 11, 15 (Tex. App.--Dallas 1995, pet. ref'd) (stating that the plain
language of Article 38.22 requires all the warnings are to be given and the complete failure to state
one of the warnings requires the statement to be suppressed).

 The failure to warn pursuant to Article 38.22 is a non-constitutional error and therefore, it
must be disregarded absent a showing that the admission of the statements affected the accused's
substantial rights. Tex. R. App. P. 44.2(b); Woods, 152 S.W.3d at 118. "A substantial right is
affected when the error has a substantial and injurious effect or influence in determining the jury's
verdict." Id. at 118-19. In determining whether the jury's decision was adversely affected by the
error, an appellate court reviews the entire record, including any testimony or physical evidence
admitted, the nature of the evidence supporting the verdict, the character of the alleged error and how
it might be considered in connection with the evidence in the case, the jury instructions, trial theories
and whether the State emphasized the error. Haley v. State, 173 S.W.3d 510, 518-19 (Tex. Crim.
App. 2005).

Analysis

 Santa Cruz's admission that she was being paid $1,000.00 to transport the drugs, as well as
her statement that the cocaine belonged solely to her, and not to her co-defendant daughter, must be
viewed in light of all of the evidence. At trial, Officer Phillips described the cocaine being strapped
to Olga's body and how it was visible without any search or pat-down. In fact, appellant's counsel
basically conceded possession and focused his argument on the delivery element of the charge. 

 The State's proof of intent to deliver is properly proven through circumstantial evidence. 
Williams v. State, 902 S.W.2d 505, 506 (Tex. App.--Houston [1st Dist.] 1994, pet. ref'd). In
circumstantial cases, courts look to a variety of factors in determining whether the evidence
establishes an intent to deliver, including:(1) the nature of the location at which the defendant was arrested;

(2) the quantity of controlled substance in the defendant's possession; 

(3) the manner of packaging;

(4) the presence of drug paraphernalia (for either drug use or sale);

(5) the defendant's possession of large amounts of cash; and

(6) the defendant's status as a drug user.


Id. at 507 (citations omitted). 

 In the instant case, testimony and physical evidence established that the cocaine weighed
approximately five kilograms, which equates to approximately 50,000 individual uses of cocaine
with an estimated street value of approximately one million dollars. See Mack v. State, 859 S.W.2d
526, 529 (Tex. App.--Houston [1st Dist.] 1993, no pet.) (acknowledging that the large quantity of
cocaine was sufficient to show it was for resale and not just personal use). Furthermore, Officer
Phillips testified that the drugs were strapped to the co-defendant's body in a manner similar to that
of other drug smugglers or transporters and Santa Cruz was traveling on a highway well-known for
drug transport. See Bryant v. State, 997 S.W.2d 673, 675 (Tex. App.--Texarkana 1999, no pet.)
(holding that an individual traveling on interstate highway with large amounts of cocaine was
relevant to defendant's intent to distribute the same). 

 Even without her statements, the jury had sufficient evidence that Santa Cruz possessed the
drugs with the intent to deliver. The cocaine was strapped to Olga's body in such a way that it was
clearly visible to the officer. Additionally, Santa Cruz and her daughter were traveling with over
50,000 uses of cocaine valued at over one million dollars on a highway known for drug transport. 
The jury could have reasonably concluded that Santa Cruz possessed the cocaine with the intent to
deliver the same. See Santa Cruz, 2006 WL 2263890, *1; Robinson v. State, 174 S.W.3d 320, 329-31 (Tex. App.--Houston [1st Dist.] 2005, pet. ref'd) (holding the circumstantial evidence of a
passenger in a truck with two kilos of cocaine worth more than one million dollars was sufficient
to show intent to deliver the cocaine); Robertson v. State, 137 S.W.3d 807, 811 (Tex. App.--Waco
2004), rev'd on other grounds, 163 S.W.3d 730 (Tex. Crim. App. 2005) (concluding that the
quantity, manner of packaging, and evidence that defendant was a drug user was legally sufficient
despite evidence that defendant was arrested after a traffic violation, no drug paraphernalia was
present, and he possessed only $460 in cash). Moreover, the State's closing argument to the jury did
not unduly emphasize Santa Cruz's statements. Without considering Santa Cruz's statements, the
jury could have rationally concluded beyond a reasonable doubt that Santa Cruz possessed the
cocaine with the intent to deliver. Given all the evidence, we conclude the admitted statements did
not have a substantial and injurious effect on the jury's verdict and any error was therefore harmless. 
See Woods, 152 S.W.3d at 118-19.

B. Art. 38.22 § 3(a)(5)

 Santa Cruz next argues that the oral statements should be suppressed because her counsel was
not afforded a timely copy of the statements as prescribed by Tex. Crim. Proc. Code Ann. art.
38.22 § (3)(a)(5) (Vernon 2005) (providing "not later than the 20th day before the date of the
proceeding, the attorney representing the defendant is provided with a . . .[recorded] copy of [the
statement] . . . ."). This argument, however, was not preserved for appellate review. Santa Cruz did
not object at the motion to suppress hearing or at trial on the basis of subsection five. Because the
argument cannot be raised for the first time on appeal, the argument is waived. Tex. R. App. P. 33.1.Conclusion

 The trial court properly concluded that the traffic stop was justified; however, the court erred
in denying Santa Cruz's motion to suppress her oral statements. Because the error was harmless,
we affirm the judgment of the trial court.

 Rebecca Simmons, Justice

 

Do Not Publish


1. The Honorable Stella Saxon conducted the pretrial hearing on the motion to suppress and signed the final
judgment. However, the trial on the merits was before the Honorable Donna S. Rayes.
2. Both Santa Cruz and Olga each claimed the contraband was theirs and that the other individual was not
involved. Additionally, both provided information regarding the amount they were paid and the location in San Antonio
to which the cocaine was to be delivered.
3. See also Santa Cruz v. State, No. 04-05-00281-CR, 2006 WL 2263890, *1 (Tex. App.--San Antonio 2006,
no pet.) (not designated for publication). 
4. Tex. Crim. Proc. Code Ann. art.. 38.22 § (2) provides:

Sec. 2. No written statement made by an accused as a result of custodial interrogation is admissible as evidence against
him in any criminal proceeding unless it is shown on the face of the statement that:

 (a) the accused, prior to making the statement, either received from a magistrate the warning provided in
Article 15.17 of this code or received from the person to whom the statement is made a warning that:

 (1) he has the right to remain silent and not make any statement at all and that any statement he makes may
be used against him at his trial;

 (2) any statement he makes may be used as evidence against him in court;

 (3) he has the right to have a lawyer present to advise him prior to and during any questioning;

 (4) if he is unable to employ a lawyer, he has the right to have a lawyer appointed to advise him prior to
and during any questioning; and

 (5) he has the right to terminate the interview at any time
5. Tex. Crim. Proc. Code Ann. art. 38.22 § (3)(2) provides:

Sec. 3. (a) No oral or sign language statement of an accused made as a result of custodial interrogation shall be
admissible against the accused in a criminal proceeding unless:

 (2) prior to the statement but during the recording the accused is given the warning in Subsection (a) of
Section 2 above and the accused knowingly, intelligently, and voluntarily waives any rights set out in
the warning