

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-12-00052-CR

RAYMOND PAUL GARNER                           APPELLANT

V.

THE STATE OF TEXAS                                  STATE

----------

## FROM THE 271ST DISTRICT COURT OF WISE COUNTY

----------

## MEMORANDUM OPINION[1]

----------

A jury convicted Appellant Raymond Paul Garner of possession of four grams or more but less than 200 grams of methamphetamine, and, upon his pleas of true to the enhancement paragraphs, the trial court sentenced him to thirty years' confinement. Appellant brings a single issue on appeal, arguing that the trial court reversibly erred by denying his motion to suppress his oral

---

[1]*See* Tex. R. App. P. 47.4.

statement. Because the trial court committed no reversible error, we affirm the trial court's judgment.

At the police station after his arrest, Appellant was taken into a room to be questioned. The following conversation took place between Appellant and the police officer:

Officer: I'm going to read you your rights, Raymond, since you are in here in custody.

Appellant: *inaudible statement*

Officer: I'll read you your rights, which you may know, I'm going to read them to you anyway. Then me and you are going to talk.

You have the right to remain silent. Anything you say can and will be used against you in a court of law. You have the right to talk to a lawyer and to have him present while you are being questioned. If you cannot afford to hire a lawyer, one will be appointed to represent you before any questioning if you wish. And you can decide at any time to exercise these rights and not answer any questions or make any statements. Do you understand that?

Appellant: Yeah. (*Looking around the room*)

After this court abated the appeal and remanded the case to the trial court for the entry of findings of fact and conclusions of law, the trial court issued the following:

**FINDINGS OF FACT**

1. Appellant was arrested and charged with Possession of a Controlled Substance on January 8, 2011.

2

2. On January 10, 2011, while Appellant was still in custody, Wise County Sheriff's Investigator, Chad Lanier, conducted a custodial interview with the Appellant which was both audio and video recorded. The recording was admitted in its entirety as State's Exhibit Number 1 (hereinafter referred to as "SX 1") for purposes of the hearing on the Appellant's Motion to Suppress.

3. SX 1 showed that prior to questioning the Appellant, Investigator Lanier informed Appellant he was reading Appellant his rights because Appellant was in custody.

4. SX 1 showed that Investigator Lanier . . . made the following statements to the Appellant when he read the Appellant his rights:

   a. You have the right to remain silent;

   b. Anything you say can and will be used against you in a court of law,

   c. You have the right to talk to a lawyer and have on[e] present while you are being questioned;

   d. If you cannot afford to hire a lawyer, on[e] will be appointed to represent you before any questioning if you wish;

   e. And you can decide at any time to exercise these rights and not answer any questions or make any statements.

5. SX 1 showed that at the conclusion of reading the Appellant his rights, Investigator Lanier asked the Appellant, "Do you understand that?" Appellant audibly responded on the recording (SX 1), "Yeah."

6. Nothing on the recording (SX1) indicated the Appellant did not understand or voluntarily waive his rights before answering Investigator Lanier's questions.

7. SX 1 showed that after reading the rights, Investigator Lanier asked the Appellant a number of questions on different

subjects including the facts of the drug offense. Appellant answered the questions appropriately and appeared to understand the entire conversation.

## CONCLUSIONS OF LAW

1. Article 38.22 of the Texas Code of Criminal Procedure, Sections 2 and 3, require that for an oral statement of an accused resulting from a custodial interrogation to be admissible, it must be electronically recorded and the following warning must be given to the accused:

    a. He has the right to remain silent and not make any statement at all and that any statement he makes may be used against him at his trial;

    b. Any statement he makes may be used as evidence against him in court;

    c. He has the right to have a lawyer present to advise him prior to and during any questioning;

    d. If he is unable to employ a lawyer, he has the right to have a lawyer appointed to advise him prior to and during any questioning; and

    e. He has a right to terminate the interview at any time.

2. Article 38.22, Section 3(e)(2) provides that the accused must be given the warnings outlined above or "it's fully effective equivalent" and that . . . prior to the statement but during the recording the accused knowingly, intelligently, and voluntarily waive the rights set out in the warning.

3. Case law confirms that the warning given need not be in the exact language of the statute so long as it is in substantial compliance with the words of the statute. A differently worded warning substantially complies with the required warning if it has the same or equivalent meaning.

4. The warning given to the Appellant by Investigator Lanier had the same or equivalent meaning to the warning required by

4

Article 38.22. The first two warnings required by Article 38.22 largely overlap and the term "court" as used by Investigator Lanier is broader than and encompasses the term "trial" which was omitted in Lanier's warning and therefore did not change the meaning of the warning. Investigator Lanier's statement that the Appellant had a right "at any time to not answer any questions or make any statements[]" was equivalent to the omitted warning that the Appellant could terminate the interview at any time and did not change the meaning of the warning.

5. A waiver of rights under the oral confession statute does not require an "express verbal statement" that an accused waives those rights. The waiver may be implied through an (Appellant's) silence, coupled with an understanding of his rights and a course of conduct indicating waiver. Where the prosecution shows that the warnings were given and understood by the accused, the accused's uncoerced statement establishes an implied waiver of the right to remain silent. The totality of the circumstances under which Appellant waived his rights and gave his statement clearly show that the waiver was voluntarily given.

6. The Appellant's statements in response to Investigator Lanier's questions as depicted on SX1 were given after knowingly, intelligently, and voluntarily waiving the rights expressed which were equivalent in meaning to the rights required by Article 38.22 and were therefore admissible as evidence. [Citations omitted.]

We review a trial court's ruling on a motion to suppress evidence under a bifurcated standard of review.[2] We give almost total deference to a trial court's rulings on questions of historical fact and application-of-law-to-fact questions that

---

[2] *Amador v. State*, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007); *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).

turn on an evaluation of credibility and demeanor, but we review de novo

application-of-law-to-fact questions that do not turn on credibility and demeanor.[3]

Article 38.22, section 3(a) of the Texas Code of Criminal Procedure sets

the terms under which an oral statement given by a defendant may be used.

That subsection provides that

> [n]o oral . . . statement of an accused made as a result of custodial interrogation shall be admissible against the accused in a criminal proceeding unless . . . prior to the statement but during the recording the accused is given the warning in Subsection (a) of Section 2 . . . and the accused knowingly, intelligently, and voluntarily waives any rights set out in the warning[.][4]

Section 2(a) of that same article sets out the required warnings that the

accused must receive.  That subsection provides that

> the accused, prior to making the statement, [must] either receive[] from a magistrate the warning provided in Article 15.17 of [the code of criminal procedure] or receive[] from the person to whom the statement is made a warning that:
>
> (1) he has the right to remain silent and not make any statement at all and that any statement he makes may be used against him at his trial;
>
> (2) any statement he makes may be used as evidence against him in court;
>
> (3) he has the right to have a lawyer present to advise him prior to and during any questioning;

---

[3]*Amador*, 221 S.W.3d at 673; *Estrada v. State*, 154 S.W.3d 604, 607 (Tex. Crim. App. 2005); *Johnson v. State*, 68 S.W.3d 644, 652–53 (Tex. Crim. App. 2002).

[4]Tex. Code Crim. Proc. Ann. art. 38.22, § 3(a)(2) (West Supp. 2013).

6

(4) if he is unable to employ a lawyer, he has the right to have a lawyer appointed to advise him prior to and during any questioning; and

(5) he has the right to terminate the interview at any time.[5]

Section 3(e) provides,

The courts of this state shall strictly construe Subsection (a) of this section and may not interpret Subsection (a) as making admissible a statement unless all requirements of the subsection have been satisfied by the state, except that . . . the accused was given the warning in Subsection (a) of Section 2 above or its fully effective equivalent.[6]

In arguing that he was not properly warned and that he did not intelligently, knowingly, or voluntarily waive his rights, Appellant contends that from the video, it appears that he was very confused and that the officer was speaking very quickly. Appellant also argues that the warnings must strictly comply with the mandate of article 38.22, section 2(a) and must convey the exact meaning of the warnings. He relies on *State v. Subke*, an opinion of our sister court in Dallas.[7]

The *Subke* court held that "a warning that conveys the exact meaning of the statute in slightly different language is sufficient to comply with the requirements of the statute."[8] Appellant argues that the warnings actually given did not strictly comply with the mandate of article 38.22 and that they did not

---

[5]*Id.* art. 38.22, § 2(a).

[6]*Id.* art. 38.22, § 3(e)(2).

[7]918 S.W.2d 11, 14 (Tex. App.—Dallas 1995, pet. ref'd) ( op. on reh'g).

[8]*Id.*

contain the fully effective equivalent of the required warnings. Specifically, the officer did not state that Appellant had the right to terminate the interview at any time. Instead, Appellant was told that he could "decide at any time to exercise these rights and not answer any questions or make any statements." Additionally, the officer never informed Appellant that "any statement he makes may be used against him at his trial." Instead, the officer informed Appellant that any statement he made could be used against him in a "court of law." Appellant argues that these differences in wording between the statutory warnings and the warnings actually given are substantive and that therefore no substantial compliance exists.

Appellant also argues that he appeared confused while he was being warned and that that appearance created a question of whether he understood the warnings as they were read to him. He argues that his responses concerning the warrants were barely audible and were short statements such as "yeah." Appellant additionally argues that the officer did not appear to give him much of an option as to whether he wanted to give the statement. Instead, the officer told Appellant that he was giving Appellant the warnings, and then they were going to talk. Consequently, Appellant argues, his waiver was not knowingly or intelligently given. Appellant argues that his invalid waiver rendered his oral

statement inadmissible and that the trial court, therefore, reversibly erred by denying his motion to suppress.[9]

The State argues that the record shows that the warning given to Appellant by the officer is the fully effective equivalent of the required warning. We agree.

The Texas Court of Criminal Appeals has held that substantial compliance with the required statutory warning is sufficient.[10] We hold that the warning that Appellant could "decide at any time to exercise these rights and not answer any questions or make any statements" is substantially equivalent to "terminate the interview."[11] An argument could be made that the warning as given is easier to understand than the phrase "terminate the interview." Likewise, we hold that "court at law" used by the officer is substantially equivalent to "trial" in the statutory warning.[12]

It is better practice to comply with the statute exactly. The legislature has clearly stated the warnings required to be given and law enforcement personnel vary from the statutory language at their peril. The warnings actually given in this case, however, substantially comply with the required warnings. Nothing in the record shows that Appellant did not understand the warnings and did not

---

[9] *See State v. Dixon*, 206 S.W.3d 587, 590–91 (Tex. Crim. App. 2006).

[10] *Bible v. State*, 162 S.W.3d 234, 240 (Tex. Crim. App. 2005).

[11] *See Sosa v. State*, 769 S.W.2d 909, 915–16 (Tex. Crim. App. 1989).

[12] *See Bible*, 162 S.W.3d at 240–41.

9

knowingly, intelligently, and voluntarily waive his right to remain silent before answering the officer's questions.

Under the facts of this case and the record before us, we hold that the trial court did not err by finding the warnings adequate and the waiver effective or by denying Appellant's motion to suppress the statement and admitting the statement into evidence. We overrule Appellant's sole issue and affirm the trial court's judgment.

/s/ Lee Ann Dauphinot
LEE ANN DAUPHINOT
JUSTICE

PANEL: LIVINGSTON, C.J.; DAUPHINOT and GABRIEL, JJ.

LIVINGSTON, C.J. and GABRIEL, J. concur without opinion.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: June 5, 2014

10